# Moore v. Johnston.

*Action for Breach of Covenants in Conveyance.*

1. *Dedication of streets.*—There can be no complete dedication of land to public uses, without an acceptance by the public, by use or otherwise; and where the owner of a tract of land adjoining the limits of an incorporated town or city, having had it mapped and subdivided into lots and blocks, separated by streets, afterwards sells a part of the tract extending to the middle of a street as laid down on the map, this narrows the street at that point to one half of its original width on the map.

2. *Conveyance of lot bounded by street.*—A conveyance of a lot bounded by a street, in an incorporated city or town, passes to the grantee the fee to the centre of the street, subject to the public easement; and the same rule applies to a conveyance of lots outside of the corporate limits, which have been laid off with a view to future extension of the corporate limits.

3. *Covenant of seizin; breach of.*—A covenant of seizin is broken, if there is an outstanding estate in a third person, or a material deficiency in the quantity of land conveyed, or where the grantor has not substantially the same estate, both in quantity and quality, which he professes by his deed to convey; but the existence of a public easement, as a street or right of way, is not a breach of such covenant.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

E. W. PETTUS, and W. M. BROOKS, for the appellants, cited *Sibley v. Holden*, 10 Pick. 250; *Tyler v. Hammond*, 11 Pick. 211.

WARD & HEAD, *contra*, cited *Steele v. Sullivan*, 70 Ala. 589; 90 Amer. Dec. 224, note; 58 Amer. Rep. 143, note; Washb. Easements, 235; Tied. Real Prop., § 851; 15 John. 483; 19 Amer. Dec. 140; *Railway Co. v. Witherow*, 82 Ala. 190; *Perry v. Railroad Co.*, 55 Ala. 413; Angell on Highways, §§ 302, 326; 44 Amer. Dec. 138.

SOMERVILLE, J.—The action is one brought by the appellant, Moore, against the appellee, Johnston, for alleged breach of a covenant of *seizin* contained in a deed of land. The land sold the plaintiff by the defendant is "the north-easterly portion of the block of land lying between Twenty-first Street and Twenty-second Street, bounded on the east

[Moore v. Johnstor.]

by said Twenty-second Street, and on the north by Avenue G, fronting north on said avenue, three hundred and forty (340) feet, and extending back perpendicularly to Avenue H, of the uniform width one hundred and ninety feet, to an alley." According to the plaintiff's contention, the defendant has sold him forty feet of land on the *west* side of the purchased lot, to which he had no title, and which was owned by one Mrs. Bustin, and in her adverse possession at the time of the sale. The defendant contends, that the forty feet lay on the *east* side, and extended to the centre of Twenty-second Street, as originally marked on the map of the Elyton Land Company. This so called street was outside of the corporate limits cf Birmingham, was not opened or used, being mere woodland, and was the property of the Elyton Land Company. The deed from this company to Bustin, and from Bustin to Johnston, conveyed to the centre of the street. A fence had been built inclosing this half of the so called street, so as to make it only forty instead of eighty feet wide at this point, on paper, where it alone existed. The only issue is, whether the fee in this forty feet was conveyed by the deed, or whether the intention of the parties was to sell on the one hand, and buy on the other, the forty feet on the west side belonging to Mrs. Bustin.

The evidence, in our opinion, supports the view, that the Elyton Land Company, by selling to the centre of Twenty-second Street, had narrowed the street at this point, so as to reduce it to forty feet. There can be no valid and complete dedication, without an acceptance by the public; and it is not pretended that there was any acceptance in this case, by use or otherwise. It is true, that the owner may often be estopped to deny a dedication, where he maps out his lands, and sells them with reference to a plat describing them by streets, alleys and blocks. But the plaintiff here visited the premises, and saw the land as inclosed by a fence. The contracting parties thus treated this fence as constituting the western boundary line of the street, and the eastern boundary line of the lot. The plaintiff went into possession of this piece of land, which contained 340 feet—or all in quantity he claimed to have purchased.

There may possibly be purchasers of lots who could successfully challenge the right of the Elyton Land Company to lessen the dimensions of this street; but the plaintiff is in no condition to do so, being himself the purchaser and occupant of this portion of the narrowed street. The plain-

tiff; moreover, in any event, is the owner of the fee to the centre of Twenty-second Street, which he acquired by virtue of his deed from Johnston. Conceding that there was a dedication of the street on the principle of estoppel, the conveyance nevertheless, in any aspect of the case, carried a *fee* to the centre of the highway, subject only to a future easement in the public. This is the accepted doctrine in Alabama, and in the majority of our States —*Columbus & West. Railway Co. v. Witherow*, 82 Ala. 190, and cases cited. The cases of *Tyler v. Hammond*, 11 Pick. 193, and *Sibley v. Holden*, 10 Pick. 251, holding the contrary view, and cited by appellant's counsel, have been entirely repudiated by the Massachusetts court in its more recent decisions.—*Paine v. Woods*, 108 Mass. 171; *Boston v. Richardson*, 13 Allen, 152.

A covenant of *seizin* is broken as soon as made, if the covenantor has no title to the estate granted.—*Anderson v. Knox*, 20 Ala. 156. So, it will constitute a breach, if there is an outstanding estate · in a life tenant, or a tenant in common; or if there is a material deficiency in the amount of land conveyed; or, in general, where the grantor has not substantially the very estate, both in quantity and quality, which he professes by his deed to convey.—Boone on Real Property, §§ 310–311; *Mecklem v. Blake*, 22 Wis. 495; s. c., 99 Amer. Dec. 68; *note*, pp. 73–81. But it is well settled by the authorities, that the existence of a public easement over land, or other equitable incumbrance, which does not in any way affect the technical seizin of the purchaser, is no breach of the covenant of seizin. The reason is, that there is no inconsistency between the public having the right of way over land, and at the same time the vesting of a freehold in the owner of the soil.—Boone on Real Property, § 311; 4 Amer. & Eng. Encyc. Law, p. 479; Tiedeman on Real Prop. § 851; *Fitzhugh v. Croghan*, 19 Amer. Dec. 140, 148; *Lewis v. Jones*, 44 Amer. Dec. 138; *Kellogg v. Malin*, 11 Amer. Rep. 426; *Cortelyou v. Van Brundt*, 2 John. 357; s. c., 3 Amer. Dec. 439; *Lamb v. Danforth*, 8 Amer. Rep. 426.

The plaintiff owned the fee in the forty feet on the east side of the lot running to the centre of the street, and has not been disturbed in his possession of it. His occupancy of it may never be challenged by any one in the future. If evicted, he has his remedy on his covenants of warranty and against incumbrances. There is no breach of the covenant of *seizin*.

The judgment of the City Court, so holding, is affirmed.