# Haran *v.* Stratton.

*Action to recover Damages for Breach of Covenants of Warranty.*

1. *Deeds; covenants against incumbrances; breach thereof.*—The fact that there was a paramount outstanding title in a third person to a portion of the lands sold, does not constitute a breach of the covenant contained in a deed that the premises sold were free from incumbrances.

2. *Same; breach of covenants of warranty.*—The statutory covenants of warranty implied in the words "grant," "bargain" and "sell" as contained in a deed conveying real estate, are not broken by the fact that at the time of the execution of said deed there was in existence an easement for a right of way over a certain portion of the land conveyed in favor of a railroad company.

3. *Same; same; variance in pleading and proof.*—In an action to recover damages for the alleged breach of the covenants of warranty implied in the words "grant," "bargain" and "sell" contained in a deed conveying lands, where the breach assigned is that a third party had a paramount title to a portion of the land purchased, and the proof shows that a railroad company owned an easement for a right of way upon such specified portion of the property, there is a variance between the allegation in the complaint and the proof; and the defendant is entitled to the general affirmative charge.

4. *Same; same; pleading and practice.*—Where an action is brought to recover damages for the breach of covenants of warranty contained in a deed which was signed by the grantor as trustee, the *cestuis que trust* who did not sign the deed could not properly be sued upon the covenants; they not being covenantors.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This action was brought by the appellant, John M. Haran, against the appellees, James A. Stratton, T. T. Hillman and George L. Morris, to recover damages for the breach of covenants of warranty contained in several deeds to real estate. In the complaint, the plaintiff alleged that the deeds which contained the covenants of warranty for the breach of which the action was brought,

10

[Haran v. Stratton.]

were executed to him by the defendant, James A. Stratton, a trustee for the defendants, T. T. Hillman and George L. Morris. Defendants demurred to the complaint, upon the ground that it does not show that the defendants Hillman and Morris executed or authorized the execution of the said covenants, or that the defendant Stratton had authority to bind the defendants Hillman and Morris by the alleged covenants of warranty in the deed. This demurrer was sustained, and to this ruling the plaintiffs duly excepted. The plaintiff thereupon, by leave of the court, amended his complaint by striking out Hillman and Morris as defendants. It was shown in the evidence that the Alabama Great Southern Railroad Company was in possession and using as a right of way 25 feet of the lots purchased by the plaintiff. The other facts of the case are sufficiently stated in the opinion.

The court at the request of the defendant Stratton, gave the general affirmative charge in his behalf; and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the sustaining of the demurrer to the complaint, and the giving of the general affirmative charge for the defendant.

H. K. WHITE, for appellants, cited, *Humes v. Bernstein*, 72 Ala. 546; *Franklin v. Mill Co.*, 88 Ala. 318; *Forney v. Calhoun County*, 84 Ala. 215; *Hamner v. Smith*, 22 Ala. 433; *Pollard v. Maddox*, 28 Ala. 321.

SMYER & SMYER, *contra.*—The averments in the complaint show that Hillman and Morris did not sign the deeds, that the deeds were signed by "Stratton, trustee." The word trustee is but a description of the person. An action for the breach of a covenant in a deed will not lie against one who did not sign the deed.—4 Amer. & Eng. Encyc. of Law, 467, 503; *Maule v. Weaver*, 7 Pa. St. 329.

HEAD, J.—Action of damages for breaches of covenants of several deeds to real estate.

The deed first mentioned in the complaint contained the statutory words "grant," "bargain" and "sell," and it is further averred that it contained also a covenant that the premises were free from incumbrances. The breach assigned is that the A. G. S. R. R. Co. (a third party) "had the paramount and lawful right and title to a portion of said lots of the uniform width of 25 feet off the southern end of the same, to the hostile assertion of which paramount title, plaintiff has been compelled to yield."

The same is true as to each of the other deeds.

It is clear these assignments of breaches show no breach of the covenants against incumbrances. They show paramount outstanding titles to the specified 25 feet in the railroad company, and hence, must be taken to refer to the statutory covenants of warranty implied in the words "grant," "bargain" and "sell," intending to allege breaches of those covenants.

There was no evidence tending to show that the railroad company had any such title, as alleged. The most the plaintiff undertook to prove was the existence of an easement—a right of way—upon the specified portion of the lots in said company. There was, therefore, a variance between the allegations and the proof.—*Moore v. Johnston*, 87 Ala. 220.

The defendants Hillman and Morris did not execute the deeds, were not covenantors and, of course, could not properly be sued upon the covenants.

Affirmed.