# DeJarnette *v.* Dreyfus, *et al.*

### *Breach of Warranty and Quiet Enjoyment.*

(Decided Dec. 16, 1909.    Rehearing denied Feb. 26, 1910.
51 South. 932.)

1. *Attachment; Jurisdiction of Property.*—Where affidavit is made of the defendant's non residence accompanied by statutory notice by publication, and seizure of property by attachment, the court acquires jurisdiction to render default judgment against the property attached, although without jurisdiction of defendant's person.

2. *Same; Pleadings; Issues; Non Resident.*—Where the action was for breach of covenant of seisen, etc., begun by attachment on the grounds of non residence a plea in abatement alleging the fact that defendant was a resident and want of personal service on defendant in effect put in issue the ground on which the attachment was issued contrary to the provisions of section 565. Code 1896.

3. *Same; Jurisdiction; How Raised; Motion to Quash.*—A motion to quash an attachment is not the proper way to raise the question of the want of jurisdiction in the court to issue the writ because of want of personal service.

4. *Appearance; General Appearance; Effect.*—Where a defendant appears generally and goes to trial after his plea to the jurisdiction and his motion to quash the attachment has been overruled. such action gave the court jurisdiction of his person.

[DeJarnette v. Dreyfus, et al.]

5. *Appeal and Error; Damages; Discretion of Trial Court.*—While rulings on motion to strike allegations of non recoverable damages are not reviewable on appeal, the ruling of the court on objections raised to the evidence affecting the right to recover such damages is reviewable, since then, it is not a matter within the discretion of the trial court.

6. *Covenants; Breach; Pleading.*—Where the action is for breach of the covenant of seisen, the complaint need not negative plaintiffs eviction, but need only negative the words of the covenant generally.

7. *Same; Against Encumbrance; Breach; Eviction; Necessity for.* —Where the action is for breach of a covenant against encumbrances the complaint should allege particularly what the encumbrances were, but need not allege that plaintiff was evicted since the covenant was broken when made if broken at all.

8. *Same; Damages; Expense of Litigation.*—Where the action was for breach of covenant against encumbrances, etc., damages for expenses incurred in suing to restrain another from exercising a public easement over the land conveyed, admittedly under a superior right, cannot be recovered where the grantor is not notified before the suit was filed, of the grantee's eviction so as to have been able to pay the grantee any damages resulting therefrom and thus avoid a useless litigation, or to have himself instituted the suit.

9. *Judgment; Default Judgment; Recitals; Service.*—Where defendant appeared generally in an action aided by attchment so as to give the court jurisdiction of his person, the judgment entry need not recite that service was by publication as is necessary when there is no personal service, and the judgment is by default.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by D. R. Dreyfus and another against C. S. De Jarnette. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

D. R. and Morris Dreyfus began their action for breach of covenant of warranty, quiet enjoyment, and against incumbrances against C. S. De Jarnette by attachment on the ground that said De Jarnette was a nonresident. Defendant answered by plea to the jurisdiction on the ground that the defendant was not a nonresident. Demurrers were sustained to the plea, and motion was then made to quash the writ of attachment on the same grounds, which was overruled. The defendant then entered a general appearance and moved to strike certain matter from the complaint; which is sufficiently set out in the opinion of the court.

J. L. HOLLOWAY and PHARES. COLEMAN, for appellant. The plea properly raised the question of jurisdiction of the court to try the cause, and was not a denial of the grounds of attachment.—*Pullman P. C. Co. v. Harris,* 122 Ala. 157. No judgment could have been rendered having any effect beyond the property attached.—*Bank v. Clements,* 109 Ala. 270; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268. It follows from this that the court erred in sustaining demurrers to the plea to the jurisdiction. The plea and the motion was the proper way to raise the question.—4 Cyc. 772. Temporary absence from the state is no ground for attachment.—*Vandiver & Co. v. Waller,* 143 Ala. 421; *Pitts v. Burroughs,* 6 Ala. 733. By pleading over to the merits the defendant did not waive the question of jurisdiction.—*Harkness v. Hyde,* 98 U. S. 476; *Carthaus v. N. C. & St. L.,* 140 Ala. 437; *Blankenship v. Blackwell,* 124 Ala. 335. Section 565 cannot be so construed as to dispense with personal or constructive service of a defendant without violating both the Federal and State Constitution.—*Wilmerding v. Corbin B. Co., supra.* The court erred in overruling demurrers to the complaint.—*Chestnut v. Tyson,* 105 Ala. 161; 8 A. & E. Ency. of Law, 203. If there was mistakes in the description of the deed, a court of equity was the proper forum.—*Donahue v. Johnson,* 120 Ala. 446; *Guilmartin v. Wood,* 76 Ala. 204. A conveyance of a lot bounded by a street in an incorporated town passes to the grantee, the title in fee to the center of the street subject to the public easement, and evidence of such public easement is not a breach of the covenant of seisen or title.—*Moore v. Johnson,* 87 Ala. 220; *Copeland v. McAdory,* 100 Ala. 559. On these authorities the other assignments of error should be sustained. See also in this connection.—*Rogers v. Peebles,* 72 Ala. 529; *Hess*

[DeJarnette v. Dreyfus, et al.]

*v. Cheney*, 83 Ala. 251.; *Thompson v. Shepherd*, 85 Ala. 611.

STEINER, CRUM & WEIL, for appellee. The court has held that the appellees were properly dispossessed of the strip of ground to recover the value of which this suit was instituted because the same was a part of the public street of the city of Montgomery.—*Dreyfus v. City Council of Montgomery*, 44 South. 1043. A defendant in attacmhent cannot deny or put in issue the cause for which an attachment is issued.—Section 565, Code 1896; *Middlebrooks v. Eames*, 5 S. & P. 158; *Garner v. Johnson*, 22 Ala. 494; *Jones v. O'Donnell*, 9 Ala. 695; *Tucker v. Adams*, 52 Ala. 54; *Dryer v. Abercombie*, 57 Ala. 497; *Smith v. Baker*, 80 Ala. 318. Hence, the court did not err in sustaining demurrer to the plea in abatement, and motion to quash was not the proper way to raise these questions. Whether or not the court will sustain a motion to strike certain portions of a complaint, is within its discretion and not revisable.— *Woodstock I. Wks. v. Stockdale*, 143 Ala. 550; *Western U. v. Haley*, 143 Ala. 586; *Vandiver v. Waller*, 143 Ala. 411. The court properly overruled demurrers to the complaint.—*Moore v. Johnson*, 87 Ala. 220; *Copeland v. McAdory*, 100 Ala. 553. In a suit for breach of covenants against encumbrance, the covenantee has a right to recover all damages suffered, and is not limited to the amount of consideration named in the deed.—2 Sutherland on Damages, sec. 622, et seq. No attempt is made to describe a lot different from that described in the deed.—*Clardy v. Walker*, 132 Ala. 264; *Tobias v. Morris*, 132 Ala. 267. The court did not err in the assessment of damages.—*Turner v. Lawson*, 144 Ala. 432.

DOWDELL, C. J.—The affidavit in attachment on the ground of nonresidence of the defendant, and notice by publication as provided by the statute, gave the court jurisdiction of the subject-matter, and without any personal appearance of the defendant would have authorized a judgment by default, and of condemnation of the property attached, but no personal judgment.

This jurisdiction could not be defeated by a plea in abatement for want of jurisdiction of the person. The plea in abatement by the defendant, of residence and want of personal service, necessarily involved a denial, and the putting in issue of the ground of the attachment, viz., the nonresidence of the defendant. Under the statute it was not permissible.—Code 1896, § 565; *Middlebrook v. Ames,* 5 Stew. & P. 158; *Garner & Nevill v. Johnson,* 22 Ala. 494; *Tucker v. Adams,* 52 Ala. 254; *Dryer v. Abercombie,* 57 Ala. 497; *Smith v. Baker,* 80 Ala. 318.

Section 565 of the Code of 1896 as adopted into the present Code (section 2966, Code 1907) has been revised so that now the ground of attachment may be put in issue (see note to section 2966, Code 1907). But the present suit arose prior to the change, and is controlled by section 565 of the old Code.

The plea in abatement to the jurisdiction was properly overruled, and likewise the motion to quash based on the same grounds set forth in the plea, though the motion to quash might also have been overruled as not being the proper way of raising the question of jurisdiction.

.The plea and motion having been held bad, the defendant thereupon entered a general appearance and went to trial. This gave the court jurisdiction of the person, and it was not necessary for the judgment en-

[DeJarnette v. Dreyfus, et al.]

try to recite the fact of service by publication, as would have been required had there been no personal appearance and had the judgment been by default. The motion to vacate the judgment for want of such recital was therefore without merit.

It was not necessary to the sufficiency of these counts of the complaint declaring on breach of covenant as to seisin, to allege eviction. It is sufficient as to covenant of seisin to negative the words of the covenant generally.—*Copeland v. McAdory*, 100 Ala. 553, 13 South. 545.

In the counts declaring on a breach of covenant as to incumbrances, it was necessary to set out particularly in what the incumbrance consisted, and that was done in the present case; but it was not required to aver an eviction. As was said in *Copeland v. McAdory, supra*: 'The covenant of freedom from incumbrance, like, the covenants of seisin and of good and lawful right to convey, is a covenant in præsenti; it is broken as soon as made, if there is an outstanding older and better title, or an incumbrance diminishing the value or enjoyment of the land. * * * An eviction or dispossession of the grantee is not a constituent element of the breach. It is the defect of title or the burden of an incumbrance, existing when the conveyance is made, which works the breach."

The existence of a public highway or a public easement over the property conveyed is a breach of the covenant against incumbrances.—*Copeland v. McAdory, supra; Moore v. Johnston*, 87 Ala. 220, 6 South. 50.

In several of the counts of the complaint special damages are claimed, which consisted, as alleged in the counts, of expenses incurred by the plaintiffs in costs and attorney fees in the filing of a bill of injunction in

equity, against the city of Montgomery, to restrain the city from the exercise of the right of a public easement over the lot in question, and to compel a restoration to the plaintiffs of a strip off said lot from which the plaintiffs had been evicted by the city. It is confessed in these counts, and so alleged, that the eviction of the plaintiffs by the city was by superior and paramount right and title in the city to said strip as a public easement, being a part of a public thoroughfare or street of the city. This being true, the filing of the bill was manifestly an unnecessary and useless expense. The filing of the bill being without the authority or consent of the grantor, the defendant here, the expenses in so doing could furnish no legitimate claim for damages. The bill was filed without any notice to the grantor, though it is averred in one of the counts of the complaint that notice was given after the filing of the bill, and a request made of the grantor to join in its presentation, but that the grantor refused to do so. This averment can add nothing to the strength of the plaintiffs' claim. The proposition is different from that where the grantee is sought to be evicted in an action brought against him for that purpose, and incurs the expense of a defense after notice to the grantor to defend.

We think that the principle stated in the case of *Chestnut v. Tyson,* 105 Ala. 149, 16 South. 723, 53 Am. St. Rep. 101, is applicable and of controlling influence in the present case. If notice had been given the grantor in the conveyance, of the eviction of the plaintiffs by the city, before the filing of the bill in equity, the grantor would unquestionably have had the right to stand upon the eviction, and to have paid the then consequent damages of the breach of his covenant in the deed, and avoid the unnecessary expense of useless litigation; or the right to employ, and contract with, his

[DeJarnette v. Dreyfus, et al.]

own counsel, if he thought proper to institute and prosecute the bill in equity.

The question as to the special damages claimed was raised in the court below, both by motion to strike the claim from the complaint and by objection to the evidence.

The case was tried by the court without the intervention of a jury, and therefore the third mode of raising the question, viz., by request for instructions to the jury, was not open.

Motions to strike unrecoverable damages have been held to be addressed to the discretion of the trial court, and hence rulings thereon are not revisible on appeal. —*Woodstock Iron Works v. Stockdale,* 143 Ala. 550-554, 39 South. 335. But such is not the case where the question is raised on objections to the evidence. It is no longer a matter of discretion, but is one of legal right; and the ruling, subject to review on appeal.— *Vandiver & Co. v. Waller,* 143 Ala. 411, 39 South. 136.

It follows, from what we have said above, as to the claimed special damages being nonrecoverable, that the admission of the evidence relative to such damages, against the objections of the defendant, was error, and for which error the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.