# Anniston L. & Mfg. Co. *v.* Griffis, *et al.*

### Breach of Covenant.

(Decided November 23, 1916.   Rehearing denied December 30, 1916.
73 South. 418.)

1. **Covenants; Against Encumbrance; Knowledge by Covenantee.**— Knowledge of encumbrance by the covenantee at the time of the covenant, ·does not bar his right of recovery on evidence of warranty, for these covenants are taken for protection and indemnity against known or unknown ·encumbrances or defects in title.

2. **Same; Eviction.**—A covenant against encumbrances is a covenant in praesenti, and is broken as soon as made if there is an existing defect of title or an encumbrance, and proof of eviction of the grantee is not necessary to show a breach.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by J. B. Griffis against the Anniston Lumber & Manufacturing Company and others for damages for breach of the covenant against encumbrances. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals under Acts 1911, p. 450.

HUGH WALKER, for appellant. KNOX, ACKER, DIXON & STERN, ·for appellee.

GARDNER, J.—Appellee (plaintiff in the court below) purchased from appellants a certain tract of land near Anniston, Ala., in January, 1915. The deed contained a covenant against all incumbrances therein specified. Count A of the complaint, upon which the cause was tried, sought damages as for a breach of the covenant against incumbrances. From a judgment in favor of plaintiff, the defendants appeal.

It was established upon the trial that on 31 acres of the land purchaed a railroad right of way had been condemned by proper judicial proceedings some years prior to the sale, but such road had not yet been constructed. The deed contained no exception as to this incumbrance. It is insisted by counsel for appellants that the court erred in refusing to permit proof that at the time of the sale the plaintiff had knowledge of the existence of the easement for a railroad right of way.

(1) It is now well established by our decisions that the grantee's knowledge of an incumbrance does not impair his right of recovery on covenants of warranty. The case of *Copeland v. McAdory*, 1C0 Ala. 553, 13 South. 545, has been frequently cited in our subsequent decisions, and from it we quote the following:

"The second plea avers that at the time of the execution of the conveyance, the appellees had full knowledge of the claim of the mayor and aldermen of the city of Birmingham, and are therefore estopped from a recovery. But knowledge, or notice, however full, of an incumbrance, or of a paramount title, does not impair the right of recovery upon covenants of warranty. The covenants are taken for protection and indemnity against known and unknown incumbrances or defects of title.—Tiedeman on Real Property, § 853; Rawle on Covenants for Title, 128 et seq.; *Dunn v. White*, 1 Ala. 645. * * *

"When, as in this case, there is not a failure of title, the fee remaining in the grantee, but a part of the land is subject to a perpetual easement, which may not be removed by the payment of money, the measure of damage is the depreciation in value of the land, by reason of the incumbrance."

See, also, *Brodie v. N. Eng. Mortgage Security Co.*, 166 Ala. 170, 51 South. 861; *DeJarnette v. Dreyfus*, 166 Ala. 138, 51 South. 932; *Tuskegee L. & S. Co. v. Birmingham R. Co.*, 161 Ala. 542, 49 South. 378, 23 L. R. A. (N. S.) 992; *Mackintosh v. Stewart*, 181 Ala. 328, 61 South. 956; *Holley v. Young*, 27 Ala. 203; *Abernathy v. Boazeman*, 24 Ala. 189, 60 Am. Dec. 459.

(2) It is next insisted that plaintiff was not entitled to recover because it had not been shown that he had been dispossessed of any of the land embraced in the right of way. It has been ruled by this court that the covenant against incumbrances is a covenant in præsenti, and that an eviction of the grantee is not a constituent element of the breach. We quote again from *Copeland v. McAdory* the following pertinent extract: "The covenant of freedom from incumbrances, like the covenants of seizin and of good and lawful right to convey, is a covenant in præsenti; it is broken as soon as made, if there is an outstanding older and better title, or an incumbrance diminishing the value or enjoyment of the land.—*Anderson v. Knox*, 20 Ala. 156; *Andrews v. McCoy*, 8 Ala. 920 [42 Am. Dec. 669]; *Clark v. Swift*, 3 Metc. [Mass.] 390.

"An eviction or dispossession of the grantee is not a constituent element of the breach. It is the defect of title or the burden of an incumbrance, existing when the conveyance is made which works the breach. * * * The authorities generally recognize an outstanding easement of any kind as falling within the covenant, operating its breach."

See, also, *De Jarnette v. Dreyfus, supra,* and *Brodie v. N. Eng. M. & S. Co., supra.*

We have here considered the question urged upon us in brief of counsel for appellant, and find no error calling for reversal. The judgment is accordingly affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.