(82 South. 98)

MIXON v. BURLESON.　(6 Div. 846.)

(Supreme Court of Alabama.　April 17, 1919. Rehearing Denied May 22, 1919.)

1. COVENANTS ☞94, 95, 96(1)—SEIZIN, INCUMBRANCES, AND RIGHT TO CONVEY—BREACH.

If there was an outstanding estate in remainder in a third person when the covenantor executed his deed to plaintiff, covenants that he was seized in fee simple, that the premises were free from incumbrances, and that he had good right to sell were broken.

2. COVENANTS ☞125(1), 126, 127(3)—BREACH—RECOVERY.

The covenantee of seizin, freedom from incumbrance, and right to convey, on breach through an outstanding estate in remainder, was entitled to recover of the covenantor the difference in value of the life estate in the land validly conveyed and an estate in fee simple, not exceeding the amount of the purchase money paid.

3. MORTGAGES ☞605 — REDEMPTION FROM FORECLOSURE—PAYMENT TO LIFE TENANTS.

If entitled to redeem from a mortgage foreclosure, the redemptor could reinvest himself with the mortgagor's title by paying the required amount to the life tenants holding under the foreclosure, who were entitled to receive it and enjoy the use of it during their lives; there being no requirement of payment to the remainderman.

4. LIFE ESTATES ☞23—CONVEYANCE BY LIFE TENANTS.

If a redemptor from mortgage foreclosure was not entitled to redeem, recognition of such right by the life tenants holding under the foreclosure, and their conveyance to the redemptor, did not bind the remainderman nor divest his title; he not legally consenting.

5. MORTGAGES ☞592 — RIGHT OF MORTGAGOR'S ASSIGNEE—STATUTE.

Purchaser at foreclosure sale of a mortgage is subject as to redemption rights to the law in force at the time of his purchase, so that, the mortgagor's statutory right of redemption not being assignable at the time of a purchase on foreclosure, the subsequent enactment of Code 1907, § 5746, making the right assignable, was not retroactive on the purchase, and did not subject the land to redemption by the mortgagor's assignee.

6. COVENANTS ☞118—BREACH—BURDEN TO PROVE DAMAGES.

In action for breach of covenants of seizin, freedom from incumbrance, and right to convey, the burden was on the covenantee to prove the amount of his damage by reason of an outstanding estate in remainder; and, where no such proof was offered, he could recover only nominal damages.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Action by James H. Mixon against W. T. Burleson for breach of covenant. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The grantor covenanted that he was lawfully seized in fee simple of the premises conveyed, that they were free from incumbrance, and that he had a good right to sell same to plaintiff the grantee. The cause was tried by the court without a jury on the complaint and a general traverse. The land in question formerly belonged to one E. A. Williams in fee simple. On April 12, 1907, said Williams mortgaged the land to one J. E. Allen, and this mortgage was duly foreclosed by a sale of the land thereunder on January 8, 1908, at which one S. B. Williams became the purchaser and received a proper deed, paying in full the amount of the mortgage debt with interest and costs. Said S. B. Williams held possession until April 20, 1908, when he duly sold and conveyed by warranty deed to one W. L. Palmer, who in turn sold and conveyed by warranty deed on August 10, 1909, to A. P. Cooper, the

habendum clause in said deed reading as follows:

"To have and to hold the same unto the said A. P. Cooper and his wife, Dovie Cooper, until their death, then the remainder in fee simple to vest in H. L. Cooper his heirs and assigns forever."

This deed was recorded, on August 14, 1909. The purchase money, $900 was paid by said A. P. Cooper, the said H. L. Cooper being a son of A. P. Cooper, both of them being still alive. On September 24, 1909, the defendant, Burleson, obtained from A. E. Williams, the original mortgagor, a quitclaim conveyance of the land, with a transfer and assignment of all statutory and equitable rights of redemption in him. On September 30, 1909, Burleson paid to Cooper and. wife the amount necessary to redeem the property under the mortgage foreclosure, and received from them a quitclaim deed. Burleson sold and conveyed to Mixon on March 31, 1914.

E. B. & K. V. Fite, of Hamilton, for appellant.

J. H. Bankhead Jr., of Jasper, for appellee.

SOMERVILLE, J. [1, 2] If there was an outstanding estate in remainder in H. L. Cooper when defendant executed his deed to plaintiff, on March 31, 1914, then the covenants sued on were forthwith broken, and plaintiff was entitled to recover of defendant the difference between the value of an estate in the land during the life of A. P. Cooper and an estate therein in fee simple, not, however, exceeding the amount of the purchase money paid for the land. Copeland v. McAdory, 100 Ala. 553, 13 South. 545; Clark v. Zeigler, .79 Ala. 346, 350; 15 C. J. 1323.

The facts being undisputed, the issue here presented is purely a question of law. Did defendant, by paying to A. P. Cooper and wife, who were subpurchasers under the mortgage foreclosure sale, the full amount required for redemption therefrom, and by obtaining from the Coopers a conveyance of the land, divest also from H. L. Cooper the estate in remainder vested in him by the grant from Palmer?

[3] Of course there could be no splitting of the act of redemption, and, if entitled to redeem, the redemptor could reinvest himself with the mortgagor's title by paying the required amount to the life tenants, who were entitled to receive it and enjoy the use of it during their lives. 16 Cyc. 641, 1, 2; Bethea v. Bethea, 116 Ala. 265, 22 South. 561.

[4] If, on the other hand, the redemptor were not entitled to redeem, it is too clear for controversy that recognition of such a right by the life tenants, and their conveyance of the land to the redemptor, could not bind the remainderman, nor divest his title; he not legally consenting thereto.

[5] So, in its final analysis, the question for determination is merely whether defendant, who purchased the mortgagor's statutory right of redemption on September 24, 1909, was authorized by section 5746 of the Code of 1907 (which became effective on May 1, 1908) to redeem from the Coopers, who on August 10, 1909, became subvendees under the foreclosure sale of January 8, 1908, of the mortgage executed on April 12, 1907.

Defendant's theory of the law is that any subpurchaser of land which has been sold under a mortgage is, as to redemption rights, subject to the law in force at the time of his purchase. This theory is founded in error. The true theory is that the purchaser at the foreclosure sale is subject, as to redemption rights, to the law in force at the time of his purchase. Hence, when S. B. Williams purchased at the foreclosure sale of January 8, 1908, the mortgagor's statutory right of redemption not then being assignable, the subsequent enactment of section 5746 of the Code of 1907, making such right assignable, was not retroactive upon that purchase, and did not subject the land to redemption by defendant, as assignee of the mortgagor.

The case of Cowley v. Shields, 180 Ala. 48, 60 South. 267, differs from the instant case, in that there, although the mortgage was executed prior to the adoption of section 5746 of the Code, the foreclosure sale was after its adoption; and the decision was that the assignee of the mortgagor's statutory right was entitled to redeem under that statute, on the principle that redemption rights were fixed by the law in force at the time of the sale. The phrase, "at the time of the sale," obviously means, and could only mean, at the time of the foreclosure sale. It does not mean at the time of resale by the original purchaser to a subpurchaser, or by one subpurchaser to another. Clearly enough, the original purchaser conveys to his subpurchasers a title exactly as defeasible or as indefeasible as his own, and whoever was entitled by law to redeem at the time of his purchase was equally authorized to redeem from any one to whom his title was conveyed. And, equally, no one not entitled to redeem at that time could redeem from his subpurchaser. This necessarily results from the application of elementary principles which govern privies in estate.

Our conclusion is that defendant was not entitled to redeem the land, and that therefore neither the acceptance of the redemption money, nor the execution of the deed by A. P. Cooper and wife, divested H. L. Cooper's estate in remainder; and, that estate being outstanding, plaintiff is entitled to recover for a breach of the covenants sued on.

[6] However, as the burden was upon plaintiff to prove the amount of his damages by reason of the outstanding estate in remainder, and no such proof was offered, he was

entitled to recover no more than nominal damages.

In rendering judgment for defendant the trial court erred, and the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.