## CRICKENBERGER v. CLAY. (2 Div. 896.)

(Supreme Court of Alabama. June 30, 1926.)

**1. Trusts ☞204—Where testator left land in trust for daughters for life, deed from trustee and remaindermen held to pass legal title, but beneficiaries could have conveyance set aside so far as it affected their interests.**

Deed of trustee and remaindermen, in violation of trust for benefit of dependent daughters for life, *held* to pass legal title, but beneficiaries could have conveyance set aside so far as it affected their interests.

**2. Covenants ☞94, 95.**

Interest of life beneficiaries under trust *held* to constitute incumbrance and breach of covenant of seisin and right to convey in warranty deed given by trustee and remaindermen.

**3. Covenants ☞130(1).**

Where there were outstanding equitable interests against grantee in warranty deed, measure of his damage *held* to be difference between value of estate received and estate in fee simple.

Appeal from Circuit Court, Marengo County; John McKinley, Judge.

Action by W. P. Crickenberger against C. C. Clay. Plaintiff takes a nonsuit and appeals. Reversed and remanded.

Wm. Cuninghame, of Linden, for appellant.

Proof of value of the land unincumbered, and as incumbered by the interest of the insane beneficiaries, should have been permitted. Clark v. Zeigler, 79 Ala. 346; Copeland v. McAdory, 100 Ala. 553, 13 So. 545; Mixon v. Burleson, 203 Ala. 84, 82 So. 98; 15 C. J. 1323; 7 R. C. L. 1180; Dallas Compress Co. v. Liepold, 205 Ala. 562, 88 So. 681; 2 Sutherland on Damages, §§ 444, 601, 602, 627; Tenn. C. I. & R. Co. v. McMillion, 161

Ala. 130, 49 So. 880; St. Louis & S. F. R. Co. v. Cash Grain Co., 161 Ala. 332, 50 So. 81; Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160. Compensatory damages are recoverable in this case. L. & N. R. Co. v. Trammell, 93 Ala. 350, 9 So. 870; 15 C. J. 1323; Gordon v. Tweedy, 74 Ala. 232, 49 Am. Rep. 813; McAdory v. L. & N. R. Co., 94 Ala. 272, 10 So. 507; Hodge v. Joy, 207 Ala. 201, 92 So. 171.

Henry McDaniel, of Demopolis, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellee conveyed to appellant by warranty deed certain lands in Marengo county formerly owned by James B. Whitfield, and disposed of by him in a will which was duly admitted to probate. These lands were in this will devised to the Robertson Banking Company in trust for the use and benefit of two insane daughters of said Whitfield for their joint lives and the life of the survivor, with remainder to the other children and heirs of said testator, therein named.

On December 7, 1918, the heirs in remainder joined with the Robertson Banking Company, as trustee, in a deed conveying the lands to appellee. The two insane daughters were living at that time, and on the date of this trial. On December 30, 1918, appellee conveyed these lands by warranty deed to appellant, upon payment of a portion of the purchase money in cash, with the balance thereof secured by mortgage on the property.

Appellant brings this suit to recover of appellee damages for a breach of the covenant against incumbrances, and of seisin, and of good and lawful right to convey.

[1, 2] The will imposed active duties upon the trustee as to the control and management of the lands for the support of the two beneficiaries therein named, and the deed to the plaintiff sufficed to pass the naked legal title. The trustee was not authorized to so convey the lands, and the deed by it was in violation of the trust. The beneficiaries therefore had the right, seasonably exercised, to set aside the conveyance so far as it affected their interest, and have the property devoted to the purposes of the trust. Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160. Such an outstanding interest constituted an incumbrance as well as a breach of the convenant of seisin and good right to convey in fee simple. Anniston L. & Mfg. Co. v. Griffis, 198 Ala. 122, 73 So. 418; Tuskegee L. & S. Co. v. Birmingham Realty Co., 161 Ala. 542, 49 So. 378, 23 L. R. A. (N. S.) 992; Greenberg v. Ray (Ala. Sup.) 108 So. 385;[1] Copeland v. McAdory, 100 Ala. 553, 13 So. 545; Mixon v. Burleson, 203 Ala. 84, 82 So. 98.

[3] That plaintiff made out his case for recovery of nominal damages does not appear to have been seriously questioned, but the nonsuit taken by plaintiff was superinduced by the adverse rulings of the court upon evidence offered by plaintiff tending to show substantial damages as the difference in the value of the land with fee-simple title and its value embarrassed by the outstanding interest of the beneficiaries of the trust. The trial court was of the opinion the measure of damages could not be so ascertained. The following quotation from Copeland v. McAdory, supra, is here applicable:

"When, as in this case, there is not a failure of title, the fee remaining in the grantee, but a part of the land is subject to a perpetual easement, which may not be removed by the payment of money, the measure of damage is the depreciation in value of the land by reason of the incumbrance."

To like effect are the cases of Mixon v. Burleson, supra, Anniston L. & Mfg. Co. v. Griffis, supra, and the authorities generally. 15 Corpus Juris, 1323.

The rulings of the court upon evidence offered by plaintiff to establish such measure of damages was not in accord with the holding of the foregoing authorities, which we consider applicable to the instant case.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

