179 So. 528

**WILLIAMS v. JOHN C. WEBB & SONS.**

**2 Div. 114.**

Supreme Court of Alabama.

March 3, 1938.

Herbert & Herbert, of Demopolis, for appellee.

J. Paul Jones, of Linden, for appellant.

THOMAS, Justice.

The suit was begun by summons and complaint in Marengo county, in the

Seventeenth circuit, and was aided by attachment for rent on affidavit of plaintiff Webb. There was a motion to dissolve and the plaintiff moved to strike. The motion being duly submitted, the order was that attachment was improvidently granted by the judge of the Fourth judicial circuit, presiding in the Seventeenth judicial circuit, and the attachment was vacated, and therefore Judge Miller set his order aside on rule nisi on September 2, 1936.

Motion to dissolve the attachment was refiled by defendant on the 6th day of September, 1936, in the circuit court of Marengo county, and was heard by the judge of that circuit on amended affidavit for attachment filed over objection of the defendant. Defendant moved to strike the amended affidavit, which motion was overruled and denied by the court. The defendant filed a plea in abatement, together with defendant's answer to the complaint, which motion to strike defendant's amended plea in abatement was granted and demurrers to defendant's answer sustained. Defendant pleaded in short by consent. Thereafter issue was joined and a jury rendered a verdict for plaintiff for $328.54.

The amended affidavit, among other things, averred the debt and amount thereof and that "said sum being due for rent on mill site and buildings and dwelling houses thereon, situate, lying and being in the City of Demopolis, Marengo County, Alabama, of which John C. Webb & Sons are the owners and landlords, which said sum is justly due, and that he has demanded payment of said sum, due for rent, from the said J. C. Williams, and that the said J. C. Williams has failed to pay the same, and that the said J. C. Williams, the tenant of the said premises, has attempted and is attempting to move or transfer all or substantially all of his goods, and effects from the rented premises without the consent of the landlord, John C. Webb & Sons, or without first having paid in full the rent for the term, and that this attachment is not sued out for the purpose of vexing or harassing the said J. C. Williams."

The attorney for defendant based his motion to strike on the ground "That the affidavit as originally drawn and the writ of attachment originally issued and served was for a general attachment, and not an attachment for the enforcement of lien, and the jurisdictional facts necessary to invest the Court with jurisdiction to issue a general attachment were never made, and that the affidavit cannot at this time be amended so as to set out the necessary jurisdictional averments which were essential to invest jurisdiction."

The motion was overruled.

The motion to strike contained the ground "That the amended writ of attachment fails to show that any of the goods, furniture, machinery or effects of J. C. Williams sought to be attached ever were kept, used or enjoyed the protection of the property claimed to have been rented." Said motion was overruled.

The original complaint contained the following count: "Plaintiffs claim of the defendant the sum of Three Hundred Dollars ($300.00), due from him for rent for premises in the City of Demopolis, Alabama, due on, to-wit, the 31st., day of August, 1936, which sum of money, with the interest thereon is due and unpaid."

The defendant's pleading on which the trial was had, as we have indicated, was in short by consent with leave to introduce any evidence which would be relevant if properly pleaded.

■ It has long been the statutory rule that the attachment law must be liberally construed, and that irregularity, or defect of form or of substance, in an affidavit for an attachment, bond or writ, may be amended before or during the trial. Code 1923, §§ 6213, 8818; Webb & Stagg v. McPherson & Co., 142 Ala. 540, 38 So. 1009; Birmingham Purchasing Co. v. Colvin, 219 Ala. 662, 665, 123 So. 45, 47.

The last-cited decision was to the effect that "the amendment to the affidavit was not subject to the objection that it changed the subject-matter of the proceeding, and was properly allowed." Sloan v. Hudson, Adm'x, 119 Ala. 27, 24 So. 458; Rosenberg v. H. B. Claflin Co., 95 Ala. 249, 10 So. 521.

■ It follows that from the liberal construction to be given the statute for amendment in attachment cases it was sufficient to state in the affidavit therefor that plaintiff "is the landlord and defendant is the tenant," that the latter "is attempting to remove all or substantially all of his goods, furniture or effects from the rented premises without the consent of the landlord, or without first having paid

the rent in full for the term; and that the attachment is not sued out for the purpose of vexing or harassing such tenant"—defendant—is sufficient to support the attachment. Code 1923, §§ 8814, 8815, 8816. The case of Seals Piano & Organ Co. v. Bell, 196 Ala. 290, 71 So. 340, was under the statute in Code of 1907, § 4748, where item 3 is different from item 3 in section 8815 of the Code of 1923, reading as follows: "(3) When the tenant has made a complete transfer of all, or substantially all, of his goods, or removes or attempts to remove all or substantially all of his goods, from the rented premises, without the consent of the landlord, or without first having paid the rent in full for the term."

The former Code was in these words: "When the tenant has made a complete transfer of all, or substantially all, of his goods, without the consent of the landlord, or without first having paid the rent in full for the term."

It will be noted that the provision, "or removes or attempts to remove all or substantially all of his goods, from the rented premises, without the consent of the landlord, or without first having paid the rent in full for the term," was added by the last statute. Code 1923, § 8815 (3).

 There was no error in allowing the amended affidavit for attachment and it was sufficient under the statute that obtains. Section 8815, Code 1923.

The amended affidavit will show jurisdictional facts are plainly averred as the ground on which attachment issued.

The jury was properly instructed, and the issues of facts that were competent were not taken from the jury.

There was no reversible error in the remark of the court to counsel that the question for decision was whether or not the defendant owed John C. Webb & Co. any money at the time the suit was brought. This was the reply to the counsel for defendant in explanation of why the court refused defendant's request for the general charge.

The sheriff's return was to the prima facie effect that the property described was duly levied upon, and under the proper control of the officer. There is nothing in the pleadings or the evidence to a contrary effect.

Charges "A" and "B" were properly refused as they were in nature and effect affirmative of the issue involved. The evidence contained conflicting tendencies and thus a jury question was presented. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

We find no reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.