195 So. 231
### GARRY et al. v. WEISS.
### 7 Div. 621.

Supreme Court of Alabama.
March 14, 1940.

Rehearing Denied April 11, 1940.

Motley & Motley and Wallace D. Walters, all of Gadsden, for appellants.

Julius S. Swann, of Gadsden, for appellee.

KNIGHT, Justice.

The suit in this cause was commenced by original attachment sued out by appellee, Albert Weiss, against the appellant Jake Garry and I. Garry, individually and as partners doing business under the name and style of "Gadsden Loan Office," to enforce the payment of an installment of rent alleged to be due by the defendants I. Garry and Jake Garry, as individuals, and as partners doing business under the partnership name of Gadsden Loan Office.

The affidavit made and filed with the Clerk of the Circuit Court for the issuance of the attachment writ averred that the said Weiss, plaintiff, was the landlord and that the said named defendants were the tenants of the plaintiff in a certain designated building in the City of Gadsden, Alabama, under a written lease between the parties; that the defendants were justly indebted to the plaintiff in the sum of $175 and an attorney's fee, for rent, which the defendants, on demand, had refused to pay. After executing bond, the clerk issued a writ of attachment, directing the sheriff to attach "so much of the goods, furniture and effects of I. Garry and Jake Garry, located at 315 Broad Street, Gadsden, Alabama, as will be of value to satisfy said debt and

cost according to the complaint, and such estate, unless replevied, so as to secure that the same may be liable to further proceedings thereon, to be had at the court house thereof according to law when and where you shall make known to the said court how you have executed the writ."

This writ of attachment was issued on the 24th day of September, 1938, the day on which the affidavit and bond was filed with the clerk, and was executed on the same day, by the sheriff of Etowah County, by attaching "1 Large Iron Safe and leaving copy Jake Garry—I Garry not found, non-resident."

On the day the attachment was sued out, the plaintiff, the said Albert Weiss, filed with the clerk his complaint, the caption of which was: "Albert Weiss v. I. Garry and Jake Garry, alias J. H. Garry, individually and as partners doing business under the name and style of Gadsden Loan Office." The sheriff executed the summons issued on this complaint on Jake Garry, one of the defendants, but returned it "not found" as to the said I. Garry, he being a non-resident of the state.

In this complaint plaintiff counted on a written lease covering premises described in the attachment affidavit, and also claimed an attorney's fee, which, it was averred, the lease provided for.

On the 27th day of September, 1938, the plaintiff's attorney made and filed in the cause an affidavit that the said I. Garry, one of the defendants, was a non-resident of the State of Alabama, and as to this non-resident defendant due notice was given of said attachment and the levy thereof by proper publication.

There was no personal service upon the said I. Garry, nor did he at any time voluntarily submit himself to the jurisdiction of the court. However, he did appear by attorney specially to file motions to quash the writ of attachment, and to file pleas in abatement.

Each of the defendants, separately and severally, and appearing specially, filed motions to quash the writ of attachment, assigning a number of grounds. These motions the court overruled, and these rulings are here assigned for error.

The defendants also appearing specially filed motions to vacate the attachment writ. These motions were overruled by the court, and these rulings are also here assigned for error.

The defendants, separately and severally, and appearing specially, filed pleas, and amended pleas, in abatement of the attachment. The court sustained demurrers to said pleas 1, 2, 3, 4 and 6 in abatement, but overruled plaintiff's demurrer to defendants' fifth plea in abatement. The ruling of the court in sustaining plaintiff's demurrers to defendants' pleas 1, 2, 3, 4 and 6, as originally filed and as amended, is also assigned for error. In their fifth plea in abatement the defendants averred that "the grounds of attachment set forth in said attachment affidavit, as amended, are untrue."

We may here say that, whether the affidavit and bond were sufficient in the first instance to justify the issuance of the attachment writ, any technical defects or omission in either of said papers were fully cured by the amendments made to the same.

■ Error cannot be predicated upon the court's action in overruling the motions of the defendants to quash the attachment writ, nor in refusing to vacate the levy thereunder. Such rulings are not reviewable on appeal. Rich v. Thornton, 69 Ala. 473; Mann Lumber Co. v. Bailey Iron Works, 156 Ala. 598, 47 So. 325.

■ The proper way to test the question of whether the debt stated in the affidavit is, or is not such a debt as the statute authorizes an attachment to issue to enforce its collection is by rule to show cause against the dissolution of the writ. Drakford v. Turk, 75 Ala. 339; Cooper et al. v. Owen, 230 Ala. 316, 161 So. 98; Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257; Mann Lumber Company v. Bailey Iron Works, supra; Rich v. Thornton, supra.

The attachment in this case was sued out under the provisions of Sections 8814, 8815, 8816 and 8817 of the Code.

Under present existing statutes the truth of the allegations contained in the affidavit may be tested and tried in the attachment suit by an appropriate plea in abatement. Melvin v. Scowley, 213 Ala. 414, 104 So. 817; De Jarnette v. Dreyfus, 166 Ala. 138, 51 So. 932; Dorrough v. Mackenson, supra.

■ Whether there was, or was not error in sustaining defendants' demurrers to pleas in abatement Nos. 1, 2, 3, 4 and 6, we need not determine as under amend-

ed plea 5, the defendants had the full benefit of any proper defense, by way of plea in abatement, that was open to them.

Defendants' plea in abatement was separately tried and the jury found the issue on this plea in favor of the plaintiff.

On the trial of this plea in abatement, we discover no error in the record committed by the court on admission and exclusion of evidence. The evidence shows without dispute that the defendants, I. Garry and Jake Garry, were partners in business, and that they had rented the premises in question from the plaintiff and were at the time occupying the same as tenants of plaintiff: that the installment of rent for September, 1938, was past due, and that demand had been duly made upon the said Jake Garry, one of the partners for the payment of the same, and that this installment of rent had not been paid at the time the attachment was sued out. The plaintiff, on the plea in abatement, was undoubtedly entitled to the general charge. The court committed no error, therefore, in charging the jury, "That a demand made on one member of partnership or (on) partnership obligation is a demand on all of the members of said partnership." It is evident that the word "or" appearing in said charge was intended for "on." There was jury and verdict against the defendants on their pleas in abatement, and judgment accordingly.

The defendants, I. Garry and the partnership of Gadsden Loan Company, then filed what they term pleas to the jurisdiction of the court. These pleas, on motion of plaintiff, were stricken, but no argument is here submitted by said parties in support of the assignment of error in this respect. We must, therefore, treat the same as waived.

The only plea found in the record on the trial of the cause on the merits was a special plea of non est factum filed by the partnership of Gadsden Loan Office.

After the plea in abatement was determined adversely to the defendants, and after the court had stricken the "plea to the jurisdiction" filed by the defendants, I. Garry and the Gadsden Loan Office, the said I. Garry, the non-resident defendant, appeared no further in the case, and the case then proceeded to trial on its merits, resulting in a verdict against the defendants, I. Garry and Jake Garry, individually for the sum of $227. On this verdict, the court rendered a personal judgment against both of said individual defendants. It also entered order condemning the property levied upon to sale in satisfaction of said debt.

The plaintiff, under the pleadings and the evidence in the case, was entitled to the general charge, and to a personal judgment against Jake Garry for the full amount of the debt and cost, and to an order condemning the attached property to sale, and he was also entitled to verdict and judgment against the non-resident defendant I. Garry, ascertaining the debt due for rent, and to order condemning to sale the attached property in satisfaction of the amount found and ascertained to be due for rent, but was not entitled to a personal judgment against him for said debt, he being a non-resident of the state, and not having been brought in by personal service, and not having voluntarily submitted himself to the jurisdiction of the court. Terminal Oil Mill Co. v. Planters' Warehouse & Gin Company, 197 Ala. 429, 73 So. 18.

We may here state that, under the pleadings, the evidence offered by the defendants and objected to by the plaintiff was wholly immaterial and inadmissible. Frazier v. Riley et al., 215 Ala. 517, 111 So. 10; Wise v. Sparks, 198 Ala. 96, 73 So. 394; Tyson v. Weil, 169 Ala. 558, 53 So. 912, Ann.Cas.1912B, 350; Cato v. Williamson, 209 Ala. 477, 96 So. 321; Prestwood v. Carlton, 162 Ala. 327, 50 So. 254; Culver v. Hill, 68 Ala. 66, 44 Am. Rep. 134; Hart v. Coleman, 201 Ala. 345, 78 So. 201, L.R.A.1918E, 213.

Inasmuch as the plaintiff was confessedly entitled to the general charge, the giving of the special charges requested by him involved no injury to the defendants.

The personal judgment rendered against the defendant I. Garry was erroneous, and it must be and is here corrected, and the judgment will be limited, as to said defendant, to one condemning the property levied upon to sale for the satisfaction of the debt as ascertained by the jury, but to remain a personal judgment as to the defendant Jake Garry.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.