33 So.2d 353

**Ex parte WINDSOR HIGHLANDS CO., Inc.**

**6 Div. 665.**

Supreme Court of Alabama.

Jan. 15, 1948.

92

Francis H. Hare and R. Clifford Fulford,. both of Birmingham, for respondent.

Beddow & Jones and G. Ernest Jones Jr., all of Birmingham, for petitioner.

**SIMPSON, Justice.**

Petition for mandamus or in the alternative for a writ of prohibition to be directed to Hon. J. Russell McElroy, as Judge of the Circuit Court of Jefferson County, Alabama, to invoke a hearing on so-called motions to dissolve an ancillary writ of garnishment without the intervention of a jury.

■ Plaintiff sued defendant (this petitioner) on two promissory notes. In its first pleading (demurrer to the complaint) defendant duly demanded a jury and having done so, the plaintiff not waiving the right, is entitled to such a trial. Mosaic Templars of America v. Hall, 220 Ala. 305, 124 So. 879; Hartford Fire Ins. Co. v. Bannister, 201 Ala. 681, 79 So. 253; Code 1940, Title 7, § 265.

In aid of the suit, on the making and filing of the proper affidavit and bond, as required by the statute (Code 1940, Title 7, § 996), the plaintiff procured the issuance of a writ of garnishment to the Birmingham Trust National Bank. Defendant then filed two motions, one to dissolve the writ and the other to show cause why the writ should not be dissolved. When these motions were up for hearing the court considered them as setting out matter in abatement of the writ and in accordance with the insistence of the plaintiff ruled that a jury trial was proper because a jury had been demanded in the main case. This petition seeks to revise that ruling.

Petitioner contends that garnishment in aid of a pending suit is an independent proceeding and that a demand for a jury trial in the main suit does not carry with it the right in the garnishment proceedings where the defendant seeks to test issues of fact raised by the motions to dissolve the garnishment, but that in such case the decision of the question is for the court alone.

The first matter to be noticed is that the court ruled correctly in construing the two motions as in abatement of the writ. All pertinent grounds of the motions except number 12 in the motion to dissolve (to be mentioned later) traversed the facts stated in the garnishment affidavit and put in issue the truth of the averment on which the right to the writ was rested, the effect of which was to deny that process of garnishment was necessary to obtain satisfaction of the claim and of such judgment as may be rendered in the suit.

■■ As stated by counsel for petitioner, "garnishments are uniformly held to be species of attachments." This principle was recognized as early as Blair v. Rhodes, 5 Ala. 648, 649, where it was observed that "the remedy for the collection of debts by the means of garnishment * * * is but a mode of levying the attachment." See also Code 1940, Title 7, § 845, Editor's Note, p. 724; Title 7, § 1010. And the rule has long been established in Alabama that "the only method by which the truth of the ground of attachment, as stated in the affidavit, may be inquired into in that suit is by a plea in abatement." Cooper v. Owen, 230 Ala. 316, 161 So. 98, 100; Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257; Melvin v. Scowley, 213 Ala. 414, 104 So. 817; Garry v. Weiss, 239 Ala. 431, 195 So. 231.

■ A motion to dissolve, or a rule to show cause against the dissolution of the writ, is not the correct method of contesting the truth of facts averred in the affidavit. This latter procedure is used to test the question of "whether the debt stated in the affidavit is or is not such as the statute authorizes." Cooper v. Owens, supra, 230

Ala. page 319, 161 So. page 100, and cases cited; Garry v. Weiss, supra.

■ It is clear, therefore, that the two motions were properly construed by the court as setting forth matter in abatement and merely sought to put in issue the truth of the allegation on which the right to the writ—the garnishment affidavit—was rested.

■ Since, as observed, garnishment and attachment proceedings are kindred, it is to be noted that as to attachments it is now established that an issue of fact raised on a plea in abatement to the writ is not for decision of the court, but must be submitted to the jury, one having been duly demanded and not having been waived in the cause. Dorrough v. Mackenson, supra. For other authorities stating the same general principle, see Daniel v. State, 149 Ala. 44, 43 So. 22; Bean v. State, 126 Ala. 1, 28 So. 578; Tucker v. State, 152 Ala. 1, 44 So. 587; 35 C.J. 178, § 60.

This rule, of course, must be held to apply as well to attachments in aid of pending suits because, by statute, they are governed by the same procedure "as are proceedings on original attachments." Code 1940, Title 7, § 879.

It seems to us, therefore, that, since garnishments are concededly a species of attachments, a plea to abate the writ should be controlled by the same principle as controls the attachment law and if the pleading to abate or discharge the writ properly raises the issue of fact, not apparent in the record, the question should be determined by the jury, one having been duly demanded in the cause, and not having been withdrawn by consent of the parties.

This is the status of the case at bar, so the petition for the respective writs should be denied.

■■ We excepted ground 12 from the above discussion because not germane to the question considered. This ground sought a dissolution of the writ because the day of the execution of the bond was left blank. This omission did not invalidate the proceedings. There is no statutory prerequisite that the bond be dated. It was duly approved by the clerk on July 4, 1947, and became effective as of this filing date. 6 C.J. 165, § 293, and Note 92; 7 C.J.S., Attachment, § 147; Claflin v. Hoover, 20 Mo. App. 314. Moreover, if it were considered defective, it could be cured by amendment. Title 7, § 1010, referring to Title 7, § 886, Code 1940; Lowry v. Stowe, 7 Port. 483; Williams v. John C. Webb & Sons, 235 Ala. 433, 179 So. 528.

■ In aid of the proper transaction of further proceedings in the cause, it is appropriate to observe that the existence of the debt cannot be raised by a plea in abatement or be put in issue by way of abatement of the writ of garnishment. Such a plea is one in bar of the main suit and seeks to defeat recovery. Frazier v. Riley, 215 Ala. 517(6), 111 So. 10(6).

Writs denied.

All the Justices concur.