# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1885, IN THE SEVEN-TIETH YEAR OF THE STATE.

---

No. 12,094.

### ALLEN v. KERSEY.

REAL ESTATE.—*Description.*—In descriptions of real estate, monuments first control, then courses and distances, and lastly the designated quantity.

SAME.—*Deed.—Intention of Parties.*—When there is a contest between the parties as to what has passed by a deed, the circumstances under which it was executed, and the intention of the parties, ought to be considered.

SAME.—*Covenants of Title.—Limitation of.*—Covenants of title must be limited to the estate, as well as to the particular parcel of ground, intended to be conveyed, as evinced by the description in the deed, when applied to the property as it was situated at the time of the conveyance.

SAME.—*Seizin.—Breach of Warranty.*—K., while the owner of a lot, built two houses thereon, one of which was intentionally lapped over twenty inches upon the north half of said lot. He subsequently conveyed the whole lot to A. Afterwards A., believing that all the south house was situate upon the south half, conveyed said south half to C. and the north half back to K. By proceedings for that purpose against K. and A., C.'s deed was reformed so as to make it convey all the ground, including the twenty inches, upon which the south house stood. K. sued A. on his covenants of warranty to recover damages.

*Held*, that K., having knowledge of all the facts at the time of taking his deed, and that C. was in possession of the south house and the ground upon which it stood, under claim of title, can not recover.

From the Marion Superior Court.

*S. M. Shepard*, for appellant.

*H. Dailey*, for appellee.

NIBLACK, C. J.—Complaint by Sarah E. Kersey, charging that, on the 8th day of May, 1880, Horace R. Allen, for a valuable consideration, conveyed to her, by a general warranty deed, the north half, or twenty-one (21) feet off the north side, of lot No. twenty-two (22), in McCarty's subdivision of out-lots one hundred and nineteen (119), and a part of one hundred and eighteen (118), in the city of Indianapolis; that at the time of the execution of said conveyance the said Allen did not have a good and indefeasible title, and was not lawfully seized of a strip of one foot and eight inches in width off the south side of the real estate described in said deed; that afterwards, on the 22d day of October, 1881, in a certain action in which one Ann M. Conklin was plaintiff, and the plaintiff herein and the said Horace R. Allen and others were defendants, the said Ann M. Conklin, by the consideration and judgment of the superior court of Marion county, recovered from her, the said Sarah E. Kersey, the plaintiff in this action, the said strip of ground, one foot and eight inches in width, upon the strength of an outstanding, pre-existing and superior title vested in her, the said Ann M. Conklin. Wherefore damages were demanded for the loss of said strip of ground and for expenses incurred in defending the action prosecuted as above for the recovery of the same.

Allen answered in three paragraphs: *First*. In general denial. *Second*. That in the year 1865, the plaintiff was the owner of lot No. twenty-two (22), described in the complaint; that while she was such owner she erected two houses on said lot, one on the north side, and the other on the south

side thereof; that the plaintiff caused the house so erected on the south side of said lot to be placed or to lap over one foot and eight inches upon the north half of the same; that afterwards the plaintiff, acting in conjunction with her husband, Oliver- Kersey, conveyed said lot, with the houses thereon, to him, the said Allen; that afterward he, the defendant Allen, sold and by deed conveyed the south half of said lot to Ann M. Conklin, believing at the time that all of the south house was situate upon said south half of such lot; that the said Ann M. Conklin immediately went into the possession of said south house, and the ground upon which it is situate, and has ever since so continued in possession of the same; that afterwards he, the said Allen, sold and conveyed the remainder of said lot, describing it as the north half, or twenty-one (21) feet off the north side thereof, to the plaintiff; that at the time of such sale and conveyance the plaintiff well knew that the south house lapped over one foot and eight inches upon the north half of such lot, and that the said Ann M. Conklin was in the possession of such south house and the ground upon which it stood, under a *bona fide* claim of title; that at that time he, the said Allen, was ignorant of the fact that the south house so lapped over onto the north half of the lot in question.    Wherefore judgment for the defendant was demanded.    *Third.* Setting up substantially the same facts in a different form, and the proceedings in the case of Ann M. Conklin against the plaintiff and others, referred to in the complaint, in estoppel of the action.

A demurrer was sustained to the second paragraph of the answer, and an issue was formed upon the third paragraph. The court below at special term made a finding for the plaintiff, assessing her damages at $162.10, and rendered judgment accordingly.    This judgment was afterwards affirmed at general term.

The record of the case of Ann M. Conklin against Mrs. Kersey and Allen and others was read in evidence at the trial.

That record showed that case to have been an application by Ann M. Conklin to have the deed made by Allen and wife to her so corrected and reformed as to make it embrace all of the ground upon which the south house stood, upon the allegation that such was the intention of the parties when the deed was made, and that the deed in question had been so corrected and reformed as against Mrs. Kersey as well as Allen.

That record further showed that the court in that case made a special finding of the facts proven at the trial, which was in substantial accordance with the allegations of the second paragraph of the answer filed in this case, except that it stated rather more strongly, that when Mrs. Kersey built the south house, she intentionally lapped it over one foot and eight inches onto the north half of the lot, and that when she received the conveyance back to such north half from Allen and wife, she had full knowledge of the fact that Ann M. Conklin was in the actual possession of the south house and the ground upon which it was and is still situate, under a claim of title, and was exercising acts of ownership over both the house and such ground, and of all that pertained to the title of lot twenty-two (22) herein above described.

In view of all the circumstances under which it was made, that special finding was, and still continues to be, binding upon Mrs. Kersey, as to the condition of affairs existing at the time she received the conveyance from Allen and wife for the north half of the lot in question.

The recitals in a deed of conveyance as to the quantity of acres, or feet, which the land contains, which it assumes to convey, are not always conclusive as to the dimensions of the particular tract actually conveyed, or intended to be conveyed. In describing a tract of land, monuments have a controlling influence. Next to monuments courses and distances control. Lastly, in the absence of both monuments and courses and distances, the designated quantity will prevail. 3 Washb. Real Prop. (4th ed.) 407; *Simonton* v. *Thompson*, 55 Ind. 87.

In determining how far the alleged quantity which a tract of land contains ought to control in its description, the context and other descriptive words ought to be taken into consideration. When there is a contest between the parties as to what has passed by a deed, the circumstances under which the deed was executed, and the consequent presumed intention of such parties, ought to be considered. 3 Washb. Real Prop. 384.

Covenants of title must by the same rule be limited to the estate as well as the particular parcel of ground intended to be conveyed, as evinced by the description in the deed, when applied to the property as it was situated at the time of the conveyance. Rawle Cov. of Title, 523, et seq.; 3 Washb. Real Prop. 491.

Mrs. Kersey having intentionally placed a part of the south house upon the north half of the lot, and having in this way contributed to bringing about the complications which gave rise to this suit, and having accepted the deed, upon the covenants of which this action is based, with full knowledge of the existence of these complications, we think the court below, at special term, erred in holding that the failure of the deed to convey to Mrs. Kersey, and to assure to her possession of, a full half of the lot, was a breach of the covenants in the deed. *John Hancock M. L. Ins. Co.* v. *Patterson*, 103 Ind. 582; *Kellogg* v. *Wood*, 4 Paige, 578.

All the evidence which might have been admitted under the second paragraph of the answer in this case, was admissible under the third paragraph. We have not for that reason examined the second paragraph of the answer with reference to its technical sufficiency in every respect upon demurrer.

The judgment at general term is reversed, with costs, and the cause remanded for further proceedings.

Filed Nov. 23, 1885.