JEREMIAH DUNN v. PENNSYLVANIA RAILROAD COMPANY, IMPLEADED, &c.

Submitted December 5, 1901—Decided February 24, 1902.

1. In an action against two or more defendants, if there be a count showing a cause of action against all, it is improper to join a count showing a cause of action against some or one only.
2. Such a misjoinder of counts affords cause for a general demurrer to the whole declaration.

On demurrer to declaration in tort.

. Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, COLLINS and PITNEY.

For the plaintiff, *Patrick H. Gilhooly.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

COLLINS, J.  This action is against the Pennsylvania Railroad Company and the New York and Long Branch Railroad Company, and the declaration contains three counts.  It is contended by the demurrant that with a count setting forth a cause of action against both defendants there is a misjoinder of counts that respectively set forth a cause of action against one of them alone.  If there be such a misjoinder of one or more counts it affords cause for a general demurrer to the whole declaration.  1 *Chit. Pl.* 202, 205, 665; 2 *Saund.* 117 *b;* *Drummond* v. *Dorant,* 4 *T. R.* 360.

It is necessary to recite only the second count.  It is therein averred that the defendants were railroad corporations, and as such common carriers of passengers and goods upon a railroad of which the Pennsylvania Railroad Company was possessed as lessee or licensee by reason of some arrangement or agreement with the other defendant, and that the plaintiff became a passenger upon one of its trains.  It is then averred that the Pennsylvania Railroad Company, by reason of the said arrangement or agreement, was possessed of certain other tracks and switches by the side of and along said railroad, and that it did not keep and store its freight cars and other cars upon its other tracks and switches so possessed as aforesaid, in such manner that they could not, or would not, run down upon the main track, but so carelessly, negligently, &c., kept and stored its said freight cars and other cars upon said tracks and switches that they ran down upon the main track and obstructed it, and that the Pennsylvania Railroad Company so carelessly, &c., ran the said train as that the locomotive collided with the obstructing cars.  The pronominal and other references to the Pennsylvania Railroad Company contained in this count are sometimes in the singular and sometimes in the plural number, but it is beyond dispute that the negligent storing of cars on the side tracks and switches and the negligent running of the train on which the plaintiff was a passenger are charged solely against that company.  A careful perusal of the count shows no connection of the other defendant with the grievances complained of.  The

first count recites a joint possession of the railroad, side tracks and switches, but as it charges negligence only on the Pennsylvania Railroad Company, there is no effectual charge of joint tort-feasance. The third count, throughout, charges both defendants, and because of the misjoinder with it of the other counts the demurrer will be sustained.