FRANK E. DeLONG AND THOMAS D. RICHARDSON v. THE SPRING LAKE BEACH IMPROVEMENT COMPANY.

Submitted February Term, 1904—Decided February 27, 1905.

To a declaration on a covenant of warranty free of encumbrances in the form usual in this state, which averred as an encumbrance that the lands conveyed had been dedicated as a public park and a means of access to a lake, a plea that the dedication was known to the plaintiff at the date of its deed is bad.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiffs, *Thomas E. French* and *Benjamin F. H. Shreve.*

For the defendant, *Frank Durand.*

The opinion of the court was delivered by

SWAYZE, J.  The declaration has already been sustained by this court. 38 *Vroom* 379.  Pleas have since been filed and the plaintiff has demurred to the fourth plea.  The only question before us is the validity of this plea.

The breach of the covenant of warranty averred in the declaration is that the lands conveyed "had been dedicated by the said defendant to public use as a park and a way of access to the waters of Spring lake, and that the owners of other lands sold and conveyed by the said defendant and by the said The Spring Lake and Sea Girt Company, and the inhabitants of the borough of Spring Lake and the public at large, then had and now have the right to enter upon said lands for pleasure, &c., and as a way of access to the waters of Spring lake, and that their right and title to said lands and premises are paramount."

The plea avers that at the time of the deed to the plaintiff this dedication was known to the plaintiffs.

The case was argued by the defendant as if it presented the question whether the alleged dedication affected the physical condition of the property.  It must be conceded that if the encumbrance affects only the title and not the physical condition of the property, knowledge of its existence is no defence to an action on the covenant. *Demars* v. *Koehler,* 33 *Vroom* 203.

A distinction has been made in some states between encumbrances which affect only the title and those which affect the physical condition of the property. *Memmert* v. *McKeen,* 112 *Pa. St.* 315; *Allen* v. *Kersey,* 104 *Ind.* 1; *James* v. *Jenkins,* 34 *Md.* 1.

There is a divergence of opinion in the courts as to whether highways are an encumbrance. *Rawle Co. Tit.,* §§ 80, 81, 82.

The pleadings in this case, however, do not present the question which was argued.  The plea only avers that the dedication was known to the plaintiffs.  The dedication may have been by the mere filing of a map, and conveyances referring thereto.  No acceptance by the public authorities is

averred; it does not even appear that at the date of the defendant's deed any actual use was made, either by the public or by individuals, of the lands dedicated; nor do the pleadings show that there was any change in the physical condition of the land to indicate to the eye that it had been dedicated for use as a park or as a means of access to Spring lake, or for any other purpose.

Upon the demurrer to the fourth plea, the plaintiff is entitled to judgment.