J. BYARD MARTER v. HENRY SANCHEZ COMPANY, HENRY SANCHEZ AND GUMERSINDO SANCHEZ.

Submitted July 3, 1908—Decided November 9, 1908.

1. A plaintiff cannot, in one action, assert an independent liability of a corporation in one count, an independent liability of the individual directors of the corporation in another count, and the liability of both the corporation and the individual directors in a third count.
2. A misjoinder of counts affords cause for a general demurrer to the declaration.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Cyrus D. Marter* and *Samuel H. Richards.*

For the defendants, *William M. Seufert.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff in this action sues the Henry Sanchez Company, Henry Sanchez and Gumersindo Sanchez.

The action is brought upon a promissory note for $1,000, made by one of the defendants, the Henry Sanchez Company, a corporation of this state, to the plaintiff.

The first count of the declaration charges the company alone with liability.

The second count avers that the company was dissolved under the Corporation act of this state; that the two indi-

vidual defendants were directors of the company, and became trustees for the creditors under the statute; that they have corporate assets of the company in their hands sufficient to pay all outstanding liabilities of the company. On these facts the second count seeks to recover against these two directors alone.

The declaration also contains common counts, under which the plaintiff seeks to hold all three defendants.

The defendant Gumersindo Sanchez demurs upon the ground, among others, that the three counts or causes of action are improperly joined.

We think the demurrer should be sustained.

The plaintiff cannot, in one action, assert an independent liability of the corporation in one count, an independent liability of the individual directors of the corporation in another, and the liability of both the corporation and the individual directors in a third count. *Dunn* v. *Pennsylvania Railroad Co.,* 38 *Vroom* 377.

He may, under the authority of section 55 of "An act concerning corporations" (*Pamph. L.* 1896, *p.* 295), sue all of the directors, by the name of the corporation, or in their own names or individual capacities; or he may, under the authority of section 92 of the act (*Pamph. L.* 1896, *p.* 306), sue any one or more of the directors. He cannot, however, join all of them in one count (either in the name of the corporation or in their own names), and only some of them in another.

Such misjoinder of counts affords cause for a general demurrer to the declaration. 1 *Chit. Pl.* 202, 205, 665; 2 *Saund.* 117*b; Drummond* v. *Dorant,* 4 *T. R.* 360; *Dunn* v. *Pennsylvania Railroad Co., supra.*

The demurrer will be sustained.