(110 So. 308)

## LOST CREEK COAL & MINERAL LAND CO. v. HENDON. (6 Div. 655.)

(Supreme Court of Alabama.  Nov. 4, 1926.)

**1. Covenants ⬡114(1)—Pleading ⬡240.**

In action for breach of covenants of warranty, amendment correcting description of lands to which title failed is allowable, either by correcting erroneous count or by adding new count.

**2. Pleading ⬡248(4)—Amendment correcting land description in count for breach of warranty held not to make departure apparent.**

Mere fact that description is by government numbers, S. W. ¼ of N. E. ¼ of given section, in one count of complaint, in action for breach of warranty in real estate conveyances, and S. W. ¼ of N. W. ¼ of same section, in amended count, does not make departure apparent.

**3. Pleading ⬡248(4)—Whether new count to complaint, in action for breach of realty warranty, giving different land description, was new transaction, held for jury (Code 1923, § 9513).**

Whether new count to complaint, in action for breach of warranty in real estate conveyances, giving different land description, was new transaction, held question of fact for jury, under Code 1923, § 9513, governing allowance of amendments.

**4. Pleading ⬡248(4)—Counts added by amendment, setting up breach of same covenant of same deed as to lands, in addition to original one specified, presented no new cause of action.**

Since count of original complaint, in action for breach of realty warranty, describing one 40, and counts added by way of amendment relative to adjoining 40, conveyed by same deed, were for breach of warranty of same deed, amending counts held not stating new cause of action, subject to motion to strike.

**5. Limitation of actions ⬡127(1).**

Counts filed in 1925 held not subject to 10-year limitations, under Code 1923, § 8943, since they relate back to commencement of action, which was in 1917, within the 10-year period.

**6. Limitation of actions ⬡22(6).**

Action for breach of realty warranty held subject to 10-year limitation prescribed by Code 1923, § 8943.

**7. Escrows ⬡13.**

For many purposes, delivery to grantee of deed theretofore held in escrow relates back to date when put in escrow.

**8. Limitation of actions ⬡47(2)—Limitation of action for breach of warranty of deed held in escrow, held to start running from actual date of delivery to grantee (Code 1923, § 8943).**

Rule that delivery to grantee of deed theretofore held in escrow relates back to date when put in escrow held not to effectuate running of 10-year limitation statute (Code 1923, § 8943) in action for breach of warranty while deed is in escrow, statute running from time when actual delivery to grantee had transpired and cause of action accruing then.

**9. Covenants ⬡39.**

Warranties cover defects within legal effect of such covenants, whether known to grantee or unknown.

**10. Evidence ⬡441(8).**

Parol evidence of contemporaneous agreement not to rely upon covenants of warranty violates rule against varying terms of legal instrument by parol.

**11. Covenants ⬡115—Plea of defendant, in action for breach of realty warranty, setting up grantee's knowledge of defects claimed covered by warranty held demurrable.**

Plea of defendant, in action for breach of realty warranty, setting up knowledge of want of title in grantee, that he did not rely on covenants of warranty, and that they were inserted, at his request, to give color of title and enable his perfection of title thereto, held subject to demurrer.

**12. Covenants ⬡140.**

Recovery of purchase money for breach of realty warranty works rescission.

**13. Covenants ⬡140.**

Where recovery is had for breach of covenant of seisin by failure of title, grantee is estopped thereafter to set up deed as conveyance of such title.

**14. Covenants ⬡72.**

If full recovery is had by person entitled to sue for breach of covenant, covenant is no longer binding in grantee's favor.

**15. Covenants ⬡107.**

Recovery or abatement of entire purchase price, title having partially failed, can only be allowed grantee upon rescission and returning of covenantor to statu quo.

**16. Covenants ⬡93—Upon partial failure of title to land conveyed, grantee may keep what he has and sue for what he has lost.**

Upon entire failure of title to part of land conveyed, or upon failure of title to undivided interest in whole or part of lands conveyed, grantee may keep what he has and sue for partial failure of title, recovery being for only what he has lost.

**17. Covenants ⬡79(2).**

Cause of action for breach of covenants of seisin, warranty of title, or other covenant breached when made, upon sale, remains in covenantee.

**18. Estoppel ⬡42.**

After-acquired title by grantor vests in grantee or his successor, by virtue of his covenant of warranty, under doctrine of estoppel.

**19. Covenants ⬡75.**

Revesting of covenantor, with same estate he has conveyed, extinguishes all covenants running with land, because benefit of warranty vests in one liable under it.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**20. Covenants ⊕75 — Former owner, repurchasing land with warranties similar to ones he conveyed under, cannot recover for want of title outstanding formerly.**

Former owner, conveying with covenants of seisin and general warranty and later repurchasing lands with like warranties from one holding through him, cannot sue for want of title outstanding at time of former ownership.

**21. Covenants ⊕108(1)—Plaintiff could recover for entire breach of covenant sued on, in spite of fact that associates furnished part of purchase money and received part of land.**

Fact that plaintiff was furnished part of purchase money by associates, and that, after obtaining deed with covenants sued on, he conveyed to associates undivided interests in property in proportion to amounts furnished, as per prior agreement, did not limit his recovery to amount furnished by him because, as between parties to deed, he furnished whole purchase price and could recover for entire breach.

**22. Covenants ⊕111.**

Covenant of warranty is not contract for payment of money, upon which suit must be brought by beneficial owner, under Code 1923, § 5699.

**23. Covenants ⊕130(2).**

If covenantee has title perfected, before suit, by vendor's purchase of outstanding title, or otherwise, without expense to covenantee, he can only recover nominal damages.

**24. Covenants ⊕130(2).**

That, after subsequent conveyance by covenantee, subvendee perfects own title by purchasing outstanding title does not limit covenantee's recovery to nominal damages.

**25. Covenants ⊕125(2).**

Covenantee's recovery for breach of covenant of seisin, broken when made, is not limited to amount subvendee may have paid to perfect title.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action by T. S. Hendon against the Lost Creek Coal & Mineral Land Company. From a judgment for plaintiff, defendant appeals. Corrected and affirmed.

C. H. Roquemore, of Montgomery, and A. F. Fite, of Jasper, for appellant.

Counts C and D were clear departures, and set up new causes of action, and should have been stricken on defendant's motion. McCrory v. Guyton, 164 Ala. 365, 51 So. 312; Ala. Con. C. & I. Co. v. Heald, 154 Ala. 580, 45 So. 686; Nelson v. First Nat. Bank, 139 Ala. 593, 36 So. 707, 101 Am. St. Rep. 52; Robins v. Central of Ga. Ry., 212 Ala. 596, 103 So. 672. Counts filed several years after the cause of action set up in them was barred were subject to defendant's plea of the statute of limitations. Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 So. 804; Roth v. Scruggs, 214 Ala. 32, 106 So. 183; Code 1923, § 8943. A deed placed in escrow relates back to and takes effect from the date of its execution. Prewitt v. Ashford, 90 Ala. 294, 7 So. 831. Covenants of seisin, good right to convey, and against incumbrances are broken, if at all, as soon as made. Sayre v. Sheffield L. I. & C. Co., 106 Ala. 441, 18 So. 101. Plaintiff was not entitled to recover more than the amount he paid, with interest, if entitled to recover at all. Prestwood v. Carlton, 162 Ala. 327, 50 So. 256. If incumbrance be removed, or title be acquired by statute of limitations, or by vendor, or title be perfected without cost to vendee, the vendee can recover only nominal damages. Blankenship v. Lanier, 212 Ala. 60, 101 So. 763. It is a good defense that the covenantee, by conveying the land to a third party, has disabled himself from reconveying to his covenantor. 15 C. J. 1297. For recovery in an action on covenant works a rescission, revesting in the covenantor such title as he conveyed. Mackintosh v. Stewart, 181 Ala. 328, 61 So. 957. If land to which the grantor has no title be included in a deed by mutual mistake, or by fraud or mistake of the grantee, or at grantee's request, with knowledge of the defect, there can be no recovery for breach of warranty. Prestwood v. Carlton, supra. There can be no recovery by a former owner, with full knowledge in the premises, upon a warranty contained in a conveyance to him from a subsequent owner. 15 C. J. 1231.

Curtis, Pennington & Pou and Bankhead & Bankhead, all of Jasper, and W. F. Finch, of Lake Worth, Fla., for appellee.

Knowledge on the part of the grantee of an incumbrance on the property or of a paramount title does not impair his right of recovery for breach of covenant of warranty. Copeland v. McAdory, 100 Ala. 553, 13 So. 545; Anniston L. & M. Co. v. Griffis, 198 Ala. 122, 73 So. 418; Tiedman, Real Prop. 853; Dunn v. White, 1 Ala. 645; Mackintosh v. Stewart, 181 Ala. 328, 61 So. 956. Actual eviction is not necessary; it is sufficient that the grantee surrendered to a paramount legal title. Hafer v. Cole, 176 Ala. 242, 57 So. 757; Perry v. Marbury Lumber Co., 212 Ala. 542, 103 So. 580; Short v. De Bardeleben Coal Co., 208 Ala. 356, 94 So. 285; Prestwood v. McGowin, 128 Ala. 272, 29 So. 386, 86 Am. St. Rep. 136. The statute of limitations does not apply in this case. The covenants of warranty in a deed run with the land. Gunter v. Williams, 40 Ala. 561; Dallas Compress Co. v. Liepold, 205 Ala. 562, 88 So. 681; Deason v. Findley, 145 Ala. 407, 40 So. 220; Gilmer v. Mobile & M. Ry. Co., 79 Ala. 569, 58 Am. Rep. 623. The amendment of the complaint related back to the commencement of the suit. Code 1923, § 9513.

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BOULDIN, J. The action is for breach of covenants of warranty in conveyances of real estate.

[1] An amendment correcting the description of the lands to which title failed is accomplished by amendment to the erroneous lowable. It matters not whether this is account or by adding a new count.

[2, 3] The mere fact that the description is by government numbers, S. W. ¼ of N. E. ¼ of a given section, in one count, and S. W. ¼ of N. W. ¼ of same section, in the amended count, does not make a departure apparent. Whether the new count relates to a separate transaction is a question of fact to be determined by the jury or judge sitting as a jury. Code of 1923, § 9513; Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Brown v. Loeb, 177 Ala. 106, 58 So. 330; First Nat. Bank v. Morgan, 213 Ala. 125, 104 So. 403.

[4] Where an original count claims a breach as to specified lands, a count added by amendment, setting up a breach of the same covenants in the same deed as to additional lands, presents no new cause of action. The transaction brought within the lis pendens is the deed with covenants alleged to have been breached. The amendment merely adds other breaches, making a fuller claim for the damages resulting. Ala. Con. Coal & Iron Co. v. Heald, 154 Ala. 580, 45 So. 686. It clearly appears, from the evidence, that count 4 of original complaint, describing the property as S. W. ¼ of N. E. ¼, and counts C and D added by amendment, describing it as S. W. ¼ of N. W. ¼, same section, all relate to breach or breaches of warranty in the same deed, conveying both forties, dated July 21, 1908, acknowledged March 6, 1909, delivered to plaintiff at a later date, and marked Exhibit B, as shown by bill of exceptions. The evidence of failure of title related only to the half interest in S. W. ¼ of N. W. ¼. But whether intended to correct description or to claim for a further breach, counts C and D were not subject to motion to strike.

[5, 6] The counts filed in 1925 related back to the commencement of suit November 20, 1917. Suits of this character are subject to the statute of limitations of 10 years. Code, § 8943. This period had not elapsed when suit brought, and the plea of the statute of limitations was not sustained. Other counts are based upon covenants in a deed of date October 1, 1907, acknowledged November 12, 1907. The evidence shows the deed was placed in escrow and not delivered to plaintiff until December 1, 1907.

[7] For many purposes, the delivery to the grantee of a deed theretofore held in escrow relates back to the date when put in escrow. Prewitt v. Ashford, 90 Ala. 294, 7 So. 831.

[8] This rule does not effectuate a running of the statute of limitations, in actions for breach of warranty, while the deed is in escrow. The statute does not begin to run until the cause of action has accrued. No cause of action accrued until the event, upon which it was to become effective by actual delivery to the grantee, had transpired. Ashford v. Prewitt, 102 Ala. 264, 14 So. 663, 48 Am. St. Rep. 37. The statute of limitation of 10 years had not effected a bar as to any of the counts.

[9, 10] Knowledge of the grantee of a defect in title does not avoid the warranty. Warranties cover defects within the legal effect of such covenants, whether known or unknown. Copeland v. McAdory, 100 Ala. 555, 13 So. 545; Anniston L. & Mfg. Co. v. Griffis, 198 Ala. 122, 73 So. 418. Parol evidence of a contemporaneous agreement not to rely upon the covenants of warranty violates the well-known rule against contradicting, or varying by parol, the terms of a valid legal instrument.

[11] Plea 8, setting up knowledge of want of title in the grantee, that he did not rely on the covenants of warranty, but that they were inserted, at his request, upon the faith of his statement that he wanted the lands included to give color of title and enable him to perfect the title thereto, was subject to the demurrer interposed by plaintiff and sustained by the court. Holly v. Younge, 27 Ala. 203.

The case of Prestwood v. Carlton, 162 Ala. 327, 50 So. 255, relied upon by appellant on this point, involved fraud and misrepresentations inducing the signing of the contract, and not promises or understandings going to the effect of the contract. The point is made that a covenantee, who, after acquiring his deed and before the bringing of suit, has conveyed the lands to another, cannot longer maintain an action for failure or partial failure of the title warranted to him. This, upon the theory that a recovery upon a covenant of warranty works a rescission, and that such title as was conveyed must be reinvested in the covenantor, and that the grantee, by a conveyance of the property, has disabled himself to reconvey.

[12-14] The general principle has been announced that a recovery of the purchase money for breach of warranty works a rescission. Mackintosh v. Stewart, 181 Ala. 328, 62 So. 1035. Two applications of this principle are recognized. Where a recovery is had for breach of a covenant of seisin by failure of title, the grantee is estopped thereafter to set up the deed as a conveyance of such title. Probably the same rule would apply to all covenants. If the full measure of recovery is had by a person entitled to sue therefor, this satisfies the covenant; it can no longer be regarded as a binding provision of the deed in favor of the grantee or

his privies in estate. Alger-Sullivan Lumber Co. v. Union Trust Co., 207 Ala. 138, 92 So. 254; Rawle on Covenants for Title, § 184.

[15] Again, in actions, usually in equity, where the grantee seeks to recover or abate the entire purchase money, title having failed only in part, such relief can only be had upon a rescission and offer to place the covenantor in statu quo. Alger-Sullivan Lumber Co. v. Union Trust Co., supra.

[16, 17] But it is a rule too well established to need citation of authority, that, upon entire failure of title to a part of the acreage conveyed, or on failure of title to an undivided interest in the whole or part of the lands conveyed, the grantee may keep what he has and sue for partial failure of title. His recovery is only for what he has lost. In such case, there is no revesting of title in the grantor; there is nothing to be reinvested. The cause of action for breach of covenant of seisin, warranty of title, or other covenant breached when made, does not pass to a purchaser of the lands from the covenantee. The cause of action remains in him. Gulf Coal & Coke Co. v. Musgrove, 195 Ala. 219, 70 So. 179.

This further question is raised. Can a former owner of the lands, who conveyed with full covenants of warranty, upon repurchase from one holding through mesne conveyances from his grantee, sue for defect or want of title existing at the time he sold the property? Can the covenantee recover for failure of title he himself has theretofore warranted to those through whom he claims by repurchase? 15 C. J. p. 1231, § 41, after stating the rule that knowledge of defect in the title does not avoid the warranty, says:

"The general rule, it seems, does not apply * * * where a former owner with full knowledge of the condition of the premises seeks to recover upon a warranty contained in a reconveyance to him from a subsequent owner" (citing Allen v. Kersey, 104 Ind. 1, 3 N. E. 557).

[18, 19] It is a well-known rule that an after-acquired title by the grantor vests in the grantee or his successor, by virtue of his covenants of warranty, under the doctrine of estoppel. Sayre v. Sheffield Land, Iron & Coal Co., 106 Ala. 440, 18 So. 101. The revesting of the covenantor, with the same estate he has conveyed, extinguishes all covenants running with the land, because all the benefit of the warranty vests in him who is liable under the warranty. Co. Litt, 490a, Preston, Touchstone, 201; Rowle on Covenants of Title, § 223; Brown v. Metz, 33 Ill. 339, 85 Am. Dec. 277.

[20] We are of opinion the principles underlying these rules lead to the conclusion that a former owner, conveying with covenants of seisin and general warranty, and later repurchasing the lands with like warranties from one holding through him, cannot sue for want of title outstanding at the time of his former ownership. The rule would be different, if he had been required by his grantee or successor to make good his own breach of warranty. This ruling negatives any right of recovery in this plaintiff for failure of title to the undivided half interest in the mineral rights in S. W. ¼ of N. W. ¼, sec. 24, T. 14, R. 9, Walker county, which was conveyed by this plaintiff by warranty deed to H. J. Dashiell, through whom, by mesne conveyances, this defendant acquired the same.

[21, 22] Dealing with the other calls to which title failed, the fact that plaintiff was furnished part of the purchase money by associates, and, after obtaining his deed with the covenants sued upon, he conveyed to his associates undivided interests in the property, in proportion to the amounts furnished as per prior agreement between them, did not limit plaintiff's recovery to the amount furnished by him. As between the parties to the deed, he furnished the entire purchase money, and, as covenantee, he is entitled to sue for the entire breach. A covenant of warranty is not a contract for the payment of money upon which suit must be brought in the name of the beneficial owner, under Code, § 5699.

[23] We recognize the rule that, if the covenantee has his title perfected, before suit brought, by his vendor's purchase of the outstanding title or otherwise, without cost or expense to the covenantee, he can recover no more than nominal damages.

[24, 25] But such result, we think, does not follow from the fact that, after a subsequent conveyance of the property by the covenantee, his subvendee perfects his own title by purchasing the outstanding title; nor is the recovery for breach of covenant of seisin, a covenant broken when made, limited to the amount the subvendee may have paid to perfect his title.

We conclude the plaintiff is entitled to recover as to the following calls: First. N. ½ of N. ½ of N. E. ¼ of S. W. ¼, sec. 13, T. 14, R. 9, 10 acres. Second. E. ½ of S. W. ¼ of S. E. ¼, sec. 13, T. 4, R. 9, 20 acres. Third. W. ½ of S. W. ½ of N. E. ¼, sec. 18, T. 14, R. 9, 20 acres.

The judgment for plaintiff for purchase money paid for these lands, with the interest thereon, aggregating $1,790, is affirmed.

The judgment will be here corrected by striking out the sum of $456 allowed for S. W. ¼ of N. W. ¼, sec. 24, T. 14, R. 9.

The appellee will pay the costs of the appeal.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.