EMBRY, Justice.
This appeal is by Thurman and Mattie Sue Cook, plaintiffs below in their action to quiet title to lands, from an adverse judgment denying their claim against Exchange Realty & Mortgage Company, Inc., Donald Real Estate & Insurance Company, Inc., C. J. Donald, Jr., and Louise Robbins, for breach of warranty against encumbrances contained in the deed of conveyance to the Cooks, because it was barred by the appropriate statute of limitations. Various theories were advanced as to why some of these latter defendants, other than the Cooks’ grantor Exchange Realty, would be liable for breach of warranty; none are important to a decision in this case. This appeal has been dismissed as to Arvil and Willie McCay, David and Linda Allcorn, and Edward and Elberta Comer.
Thurman Cook and his wife, Mattie Sue Cook took possession of the land in question in 1955 under a lease-sale installment payment contract with Exchange Realty. The Cooks lived on the property from 1955 until 1962, when they moved out while continuing to make the payments required under the lease-sale agreement. The Cooks moved back onto the property in 1971 and on 7 June 1971 Exchange Realty conveyed the land to the Cooks by warranty deed, containing no reservations or exceptions.
The Cooks do not contest the trial court’s finding that an easement across their property exists in favor of the McCays,'Allcorns and Comers. However, they urge that the trial court erred in finding their action against the other defendants was barred by the statute of limitations.
The applicable statute of limitations is Code 1975, § 6-2-33(2), which, in pertinent part, reads as follows:
“The following must be commenced within 10 years:
# sjt * * * *
“(2) Actions for the recovery of lands, tenements or hereditaments, or the possession thereof, except as otherwise provided in this article; * * * ”
*1341 The only issue on this appeal is the determination of the time at which that statute began to run. An action for breach of warranty in a real property deed has been held subject to the ten-year limitation prescribed by this section. Lost Creek Coal & Mineral Land Co. v. Hendon, 215 Ala. 212, 110 So. 308 (1926). The lease-sale contract for the sale of this realty required that good title, free of encumbrances, be conveyed in the future. However, when that contract is performed by execution and delivery of a deed the contract is merged into the deed and the purchaser must ordinarily rely on the warranty in that deed. Asbury v. Cochran, 243 Ala. 281, 9 So.2d 887 (1942).
In an action for breach of covenant against encumbrances or warranty of title, where as in the instant case an encumbrance existed at the time the deed was executed, the covenant is said to be broken when made, i. e., upon execution and delivery of the deed. Bailey v. Levy, 213 Ala. 80, 104 So. 415 (1925). It was at this time any cause of action or claim accrued as well as the time when the statute of limitations commenced to run. See Hunnicut v. City of Tuscaloosa, 337 So.2d 346 (Ala.1976); see also, Lost Creek Coal & Mineral Land Co. v. Hendon, supra. The warranty deed on encumbered property was executed and delivered in 1971; hence, plaintiffs’ action for breach of warranty filed in 1976 was within the prescribed ten year limitation and not barred.
Accordingly the judgment of the trial court barring prosecution of the Cooks’ action for breach of warranty of title to real property or breach of covenant against encumbrances on real property, must be, and is hereby, reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.