EDWARD N. SCRUGGS, Retired Circuit Judge.
Insofar as this appeal is now concerned, the case evolved into being an action upon an account for concrete used for footings and floors in a house then under construction.
Ray Anderson and Barbara D. Anderson were the parents of one child. They were divorced in 1975 but, without the benefit of *128 a remarriage, were again living together in 1977. The couple had contemplated building a home for four or five years. Mr. Anderson commenced the house construction on the farm of Mr. Densmore, Mrs. Anderson’s father. Mr. Densmore had informed them that he would not deed a house place to them, but that it could be built on the land as a residence for his daughter and her children. He testified that if “they” outlived him, “they would get it, I guess.” Mrs. Anderson helped plan the house, assisted in selecting the building site and worked upon the house.
Mr. Anderson ordered concrete for the footings for the house from Blue Star Ready Mix, Inc. (Blue Star). When the concrete basement floors were poured, the order to Blue Star for ready-mix was placed by Mrs. Anderson.
She was present when some of the concrete was delivered and testified that she possibly informed a Blue Star driver that her father was giving her two acres as a home building site. There was also some evidence that she offered to pay for some concrete when it was delivered by Blue Star.
Ray Anderson absconded and his whereabouts was apparently still unknown through trial time. After he left, Mrs. Anderson paid $1,924.24 to a building supply company for materials, almost $1,300 to a mason to lay blocks to complete the foundation for the home and for a pump which was installed in a well at the building site.
Blue Star was never paid for any of the concrete utilized in the house. Its bills totaled $3,049.36, which was the amount, plus interest, of the judgment rendered favorably to Blue Star and against both Ander-sons after an ore tenus non-jury trial before the court. Mrs. Anderson appeals, and the issue is whether the evidence justified or supported the judgment against her. We affirm.
We have limited the recital of the pleadings and facts to the issue now involved and which are consistent with the well-worn axiom that, in such instances, we must review the tendencies of the evidence most favorable to the prevailing party. The judgment appealed from is presumed to be correct, and we are not permitted to disturb the findings of the trial court unless they are palpably wrong, without supporting evidence, or manifestly unjust. Gertz v. Allen, 376 So.2d 695 (Ala.1979). The evidence supported the judgment, which is neither palpably wrong nor manifestly unjust.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.