406 So.2d 926 (1981)
E. C. LACKS
v.
Willie Mae STRIBLING, et al.
Civ. 2868.
Court of Civil Appeals of Alabama.
August 12, 1981.
Rehearing Denied September 30, 1981.
*927 Michael L. Roberts of Floyd, Keener & Cusimano, Gadsden, for appellant.
No brief filed for appellees.
EDWARD N. SCRUGGS, Retired Circuit Judge.
Lacks appeals from a judgment rendered against him and in favor of Stribling which arose out of his sale of a subdivision lot to Mrs. Stribling and her husband.
In 1960 W. C. McDaniel subdivided certain property that he owned near Leesburg, Alabama, and placed on record a plat thereof, entitled "W. C. McDaniel Lakeshore Property" (original plat). A public auction of the subdivision lots was conducted in *928 May 1960, where Lacks purchased some of the lots, including Lot 54. A few months thereafter, Lacks, McDaniel and other property owners were approached by officials of the Alabama State Highway Department Mr. Hunt and Mr. Pricebecause backwater would inundate the existing roads to the subdivision. The original plat contained an access road fifty feet in width between Lot 54 and Lots 2 and 3. Mr. Hunt and Mr. Price sought to "kill" that road and to locate another road between Lot 50 and Lot 51 by shifting all lines of Lots 51 through 54 fifty feet to the north.
In their attempt to close the road between Lot 54 and Lots 2 and 3 and the opening of the new road, Mr. Price and Mr. Hunt required another employee of the highway department to prepare a plat (rearrangement plat), which was signed by Mr. McDaniel and the owners of Lots 51 through 54. The owners of Lots 2 and 3 were not contacted nor consulted about this matter, although access to their lots would be entirely eliminated if the originally platted road between them and Lot 54 was abolished, which is exactly what was attempted to be accomplished by the rearrangement plat. Lacks' signature to the rearrangement plat was simply an accommodation to the state. The rearrangement plat was recorded in the probate office.
Lacks sold Lot 54 to Stribling and her husband, now deceased, in May 1973, for $1,500, its then reasonable value. In the joint deed to them, Lot 54 was described according to the original plat. Mrs. Stribling, through her husband's will, became the owner of her husband's one-half interest in Lot 54 upon his death. In the deed, Lacks agreed to forever warrant and defend the title to the property to the Striblings from every lawful claim. At the time of the sale Lacks provided the Striblings with a copy of the rearrangement plat and explained to them what had been done with reference to moving the road.
The owners of Lots 2 and 3 filed the original complaint in this case, in essence averring that the rearrangement plat was inefficacious to close the road between Lot 54 and Lots 2 and 3 as platted on the original plat. They sought an adjudication that that road was still open in order that they might have access to their property. By a judgment dated April 15, 1980, the trial court agreed with that position, holding that the procedure for closing a road in a recorded, platted subdivision had not been followed. § 35-2-51, Code (1975).
In her third party complaint against Lacks, Stribling sought a reformation of the deed. She also contended that he was guilty of fraud or misrepresentation, and, additionally, that "[I]f in fact the said road or right of way for a road is in existence then ... Lacks ... is liable to her ... for the loss of the land...."
On October 15, 1980, the trial court rendered a judgment reforming Lacks' deed to Stribling so as to describe Lot 54 according to the rearrangement map and so as to exclude therefrom the fifty-foot right of way. The size of her lot at the front was, thereby, reduced to fifty feet instead of the original one hundred feet. Further judgment was rendered for Stribling and against Lacks for $3,000, as the reasonable value of the 50 X 255-foot strip of land lost from Lot 54. The following findings of fact were included therein:
That although Stribling's deed describes the property conveyed as "lot 54 according to a plat recorded in Plat Book 5, page 22" the intent of Lacks and the understanding of Stribling was that the property conveyed was Lot 54 according to the rearrangement of the W. C. McDaniel Lakeshore Property, recorded in Plat Book 5 at page 31. This lot however was reduced in size by the reopening of the improperly closed road or street by order of this Court dated April 15, 1980, this road or street being a 50 foot strip evenly off the North side of Lot 54 according to Plat Book 5 at page 31 and constituting approximately forty per cent of the lot Stribling thought she purchased and that Lacks thought he sold to Stribling.
Lacks' appeal is concerned only with the monetary judgment against him.
*929 His first contention is that Stribling's claim for fraud or misrepresentation is barred by the one year statute of limitations. However, we pretermit a decision on that issue since the trial court's judgment could have been based entirely upon Lacks' breach of the warranty contained in the deed, as to which the ten year statute would apply from the date of the accrual of her action. Lost Creek Coal & Mineral Land Co. v. Hendon, 215 Ala. 212, 110 So. 308 (1926).
Lacks argues that the measure of damages in this case is the difference between the actual value of Lot 54 at the time of sale and what it would have been had it been as represented.
The covenant in the deed to warrant and defend the title of the grantee and his successors against the lawful claims of all persons is in substance a covenant for possession and quiet enjoyment, and it is not broken so long as the grantee's enjoyment and possession are not interfered with. Oliver v. Bush, 125 Ala. 534, 27 So. 923. "It operates in futuro, unless the true owner is in actual possession at the time the covenant is entered into, in which case there is a breach eo instanti; it runs with the land, that is, it is intended for the benefit of the ultimate grantee in whose time it is broken, and there can be no breach except by an actual or constructive eviction."
Chicago, Mobile Development Co. v. G. C. Coggin Co., 259 Ala. 152, 161, 66 So.2d 151, 157 (1953). Therefore, the proper time element in the damage formula is computed as of the date of eviction, not as of the time of sale. Here, the date of eviction was April 15, 1980, when the judgment was rendered declaring that the right of way for a road still existed between Lot 54 and Lots 2 and 3. Her action did not accrue until April 15, 1980.
The Striblings paid $1,500 for the lot in 1972 and improved it specifically by constructing or installing a septic system, lights and water. Without objection from Lacks, Stribling stated that in 1977 she offered to sell the lot for $3,500, but then she decided not to sell it. She testified that her lot as diminished by the street "wouldn't be worth one dime. I would (only) have fifty feet left." Lacks testified that the value of the lot is more now than at the time of the sale in 1972.
While the evidence is somewhat skimpy as to value, the judgment appealed from is presumed to be correct regarding the award, and we cannot substitute our opinion for that of the trial court unless that court's judgment is palpably wrong, manifestly unjust or is without supporting evidence. Anderson v. Blue Star Ready Mix, Inc., 391 So.2d 127 (Ala.Civ.App.1980). The monetary judgment against Lacks is neither unjust nor palpably wrong and it is supported by some competent evidence.
The final contention of Lacks is that the trial court lacked authority to enter the October 15, 1980 judgment because the motion of Stribling upon which that judgment was predicated was untimely filed. In order to better comprehend this issue, some of the history of the proceedings in the trial court must be detailed.
A few days after hearing the last oral testimony, the trial court rendered a judgment dated July 2, 1980, which denied any relief sought by Stribling. That order was not filed until July 9, 1980. At a time which is not apparent, the register typed the following upon the case action summary, "7-2-80 Order of the Court."
On August 8, 1980, Stribling filed a motion to alter, amend or vacate that judgment, or, in the alternative, for a new trial. By order dated August 13, 1980, the circuit court denied that motion, stating that the motion "comes too late." However, by order dated August 20, 1980, the trial court set aside its August 13 order and set the original motion for hearing. Subsequently, on October 15, 1980, the court rendered judgment against Lacks.
Rule 59, A.R.C.P. provides that a motion for a new trial, or to alter, amend or vacate the judgment, "shall be served not later than thirty days after the entry of the judgment." Among other methods authorized *930 by Rule 58, a judge may render his order or judgment by executing a separate written document, as was done in this case, and entry of the judgment must be made by the clerk or register. "Notation of a judgment or order on separately-maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order." Rule 58(c), A.R.C.P.
Here, the judgment dated July 2 was filed on July 9, but the "order of the court" was noted upon the case action summary as of July 2. Thus, Lacks contends that the August 8 motion came too late, that the register's action in typing the July 2 date on the case action summary constituted the entry of the judgment as of July 2, and, consequently, more than thirty days had expired between the judgment denying relief to Stribling and the filing of her August 8 motion. We do not agree.
In the first place, the words "Order of Court" are inadequate to be an entry of the judgment. That notation is so unspecific as to be a nullity insofar as entering a judgment is concerned. We cannot give more credence to a purely ministerial act of inadequately entering a judgment by a register than to the judicial act of rendering the same judgment by the trial court.
A separate judgment may be signed by the trial judge, but it is not effective until he authorizes that it be filed with the clerk or register, even if the filing date is several days, weeks or even months later than the date reflected on the judgment. When a separate judgment is filed, the filing thereof constitutes the entry of the judgment and would take preference over an additional attempted entry thereof by the clerk or register by any other method of entering authorized by Rule 58(c). To hold as contended by Lacks would mean that, if adequate time differed between the date of the entry by the clerk on the case action summary and the date of the filing of the separate judgment, the clerk could effectively eliminate a motion for a new trial (if the difference was more than thirty days) or even an appeal (if the difference was more than forty-two days). Such a construction is contrary to the spirit of modern judicial philosophy. Rule 1(c), A.R.C.P.; Rule 1, A.R.A.P.
We determine that the judgment dated July 2 was entered when it was filed by the register on July 9, that such entry prevails and we are not governed in this matter by the actions of the register in placing the July 2 date and "Order of the Court" on the case action summary, and that the Stribling motion of August 8 was timely filed.
All of the contentions of Lacks' most learned and competent counsel have been duly considered and we find no error therein.
We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code (1975), and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.

On Application for Rehearing
EDWARD N. SCRUGGS, Retired Circuit Judge.
In his application for rehearing, Lacks raises two issues: (1) that the opinion affirming this case because of a breach of warranty was a new issue not raised in the trial court; and (2) he re-argues that the trial court lacked authority to enter the October 15, 1980, judgment since Stribling's motion upon which that judgment was predicated was untimely filed. Since item number (2) was adequately discussed in the original opinion, we respond briefly only as to the first issue.
The words "breach of warranty" were not utilized in the third party complaint, but it did aver that Lacks executed a deed to Stribling, that Stribling had been served with a complaint which sought to compel her to open a road across land which she claimed by virtue of the deed from Lacks, *931 and that Lacks should be liable to Stribling for the loss of the land if the road was opened. While the use of such generalities is not advised in breach of warranty claims, Alabama does have notice pleadings, and there was adequate notice under those averments to award damages for the breach of the warranty contained in the deed.
The deed was introduced into evidence. The record indicates a breach of the warranty contained in the deed and Stribling clearly was greatly damaged from the loss of a large portion of her lot for the right of way. "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Rule 54(c), A.R.C.P. The trial court could have based its judgment upon Lacks' obvious breach of warranty as disclosed by the evidence even if the adequacy of the third party complaint in that respect were totally ignored.
If the breach of warranty issue is entirely eliminated, her fraud or misrepresentation claim against Lacks is not barred by § 6-2-3, Code of Alabama (1975). Neither Lacks nor Stribling had any concern about the road until the action in this case was filed against Stribling to open the road. Evidently Lacks seeks to place a higher responsibility upon Stribling to have made prior inquiry than he would impose upon himself. Under the circumstances of the case, the trial court could have ascertained that the earliest time that Stribling acquired such facts or knowledge as would provoke inquiry in the mind of a reasonably prudent person was when she was served with a copy of the original complaint regarding the road reopening. Thus, the trial court could have determined that the one year statute of limitations began to run at that time as to her fraud or misrepresentation claim. Her third party complaint against Lacks was filed thirty-four days later and is not barred by the limitations expressed in such Code section.
APPLICATION FOR REHEARING OVERRULED.
BRADLEY, J., concurs.
HOLMES, J., concurs specially.
WRIGHT, P. J., dissents.
HOLMES, Judge (concurring specially).
I feel constrained to comment upon the dissent.
The dissent correctly states the law of Alabama. It incorrectly applies it to the instant case. Put another way, the dissent "misses the point." The point is that the state of the record before this court does not reveal clearly what theory the case was tried upon. The record does reveal there was ample evidence presented, as indicated by Judge Scruggs, to support a recovery upon a theory of breach of warranty.
I strongly disagree that this court has for the first time raised the theory of breach of warranty.
WRIGHT, Presiding Judge, dissenting.
In application for rehearing and brief in support thereof, appellant Lacks contends that the decision of this court affirming the judgment in favor of third party plaintiff Stribling upon the theory of breach of warranty contained in a warranty deed is not the theory upon which the case was tried and judgment entered below. Though I concurred in the decision of this court, upon review of the record and brief, I am persuaded that appellant is correct and our original decision was based upon a theory for recovery never pleaded, presented by the evidence of third party plaintiff nor defended against by appellant-defendant. The complaint is clearly founded upon false representation in the sale of real property. It was clearly defended upon the general issue and a plea of the running of the statute of limitations applicable to fraud. There is no indication in the pleadings, evidence or the judgment that any other cause of action was even considered, much less made an issue. There was no issue relative to breach of warranty presented on appeal by appellant (appellee did not favor the court with a brief originally nor has he appeared in opposition to the application for *932 rehearing). There is no appearance of breach of warranty in the case until the opinion of this court.
Rule 54(c), A.R.C.P., was never intended to be so broad as to permit an appellate court to affirm a judgment upon a cause of action not pleaded, tried nor considered by the trial court merely because it appears from the record that some evidence presented might tend to sustain such action if it had been pleaded. Carden v. Penney, 362 So.2d 266 (Ala.Civ.App.1978). The introduction of the deed as evidence was not for the purpose of proving the warranty but merely to show the representation.
We have said many times that the court will not consider on appeal a theory of recovery presented here for the first time and never presented below. Hutchins v. Shepard, 370 So.2d 275 (Ala.1979). It must follow that this court may not sua sponte raise a theory from the record to sustain a judgment entered after trial upon a different theory. To do so would violate the essentials of due process and fair play.
We recognize that upon rehearing the majority of the court, without withdrawing its original erroneous basis for affirmance, now sustains the judgment upon the primary issue originally presented by appellant, i.e., the defense of the statute of limitations fails. I agree that there is sufficient evidence in the record to support the judgment of the trial court upon the cause of action for fraud. I concur in the affirmance on rehearing upon that ground. However, I strongly dissent from the original decision and the failure to delete it from the record on rehearing. I would grant rehearing, withdraw our original opinion and enter a new decision upon rehearing.
It is not my intent to reflect upon the work of Judge Scruggs in writing the original opinion. As has been said, I participated in and approved it. I was in error. This court is deeply in debt to Judge Scruggs for his distinguished aid in maintaining the current status of the court for the last two years.