HOUSTON, Justice.
On August 10, 1984, James Scofield, the appellant herein, filed a complaint in the Circuit Court of Colbert County against Amos L. Cheatham and Rummell C. Cheat-ham, the appellees herein, alleging breach *723 of warranty in a deed, arising out of the conveyance of certain real property. The warranty deed was executed and delivered by the appellees to the parents of the appellant on January 27, 1970. On December 3, 1976, the appellant’s mother conveyed the same property to the appellant by warranty deed.[1] The breach of warranty complained of by the appellant allegedly occurred in the 1970 conveyance from the appellees to his parents. The trial court granted the appellees’ motion to dismiss under Rule 12(b)(6), Ala.R.Civ.P., on the ground that the action was barred by the statute of limitations. Hence this appeal. We affirm.
The applicable statute of limitations is § 6-2-33(2), Code 1975, which, in pertinent part, reads as follows:
“The following must be' commenced within 10 years:
[[Image here]]
“(2) Actions for the recovery of lands, tenements or hereditaments, or the possession thereof, except as otherwise provided in this article....”
An action for breach of warranty in a real property deed has been held subject to the ten-year limitations period prescribed by this section. Lost Creek Coal & Mineral Land Co. v. Hendon, 215 Ala. 212, 110 So. 308 (1926).
The only issue on this appeal is the determination of the time at which the statute began to run.
The appellant insists that the warranty in the 1970 deed was made not only to his parents, but also to their “heirs and assigns” and that since he did not acquire title to the property until 1976, his cause of action accrued upon that date or some later date when the breach actually became known to him. We disagree.
In an action for a breach of covenant against an encumbrance or warranty of title where, as in the instant case, an encumbrance allegedly existed at the time the deed was executed, the covenant is said to be broken when made, that is, upon execution and delivery of the deed. The cause of action accrues at that time. Cook v. Exchange Realty & Mortgage Co., 374 So.2d 1339 (Ala.1979).
The deed complained of in the present case was executed and delivered to the appellant’s parents on January 27, 1970. Therefore, the appellant’s action for breach of warranty filed in 1984 was not within the prescribed ten-year limitations period and was thus barred. We note that the appellant would have a cause of action against his mother for breach of warranty. That cause of action accrued in 1976, at the time of his mother’s conveyance to him, wherein she made the same warranties as those made originally by the appellees in the 1970 deed.
It is true, as the appellant insists, that as an “heir or assign” of his parents’ property, he should be entitled to bring an action for a breach of warranty against their predecessor in title. However, such an action must be commenced within ten years of the date on which that cause of action accrued. The appellant’s failure to commence suit within the prescribed ten-year period would be no different from his parents’ failure to do so, had they held title to the property for that length of time. Statutes of limitations are legislative enactments which prescribe the periods within which actions may be brought upon certain claims or within which certain rights may be enforced. Black’s Law Dictionary page 835 (5th ed. 1979). To hold as appellant insists we should, would be to ignore the express language of the statute and the purpose behind its enactment.
The appellant also argues that because the affirmative defense of the statute of limitations was not apparent from the face of the complaint, it was not properly raised by the appellees’ Rule 12(b)(6), Ala.R. Civ.P., motion to dismiss. See Rule 8(c), Ala.R.Civ.P. and Blackmon v. Chrysler Motors Corporation, 294 Ala. 426, 318 So.2d 286 (1975). However, it appears *724 from the record that the. trial court, by considering matters outside the complaint (i.e., the deeds), treated the motion as one for summary judgment. The appellant was given a reasonable opportunity to present all material pertinent to the motion. See Rule 12(b), Ala.R.Civ.P.
The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and BEATTY, JJ., concur.

. The parents of the appellant held the title jointly with right of survivorship. At the time of this conveyance, the father was deceased and the mother held full title to the property.